## WALKER, ESTATE OF, In Re

Probate Court, Columbiana Co

Decided May 18, 1939

Falls, Hazel & Kerr, Youngstown, representing L. M. Kyes, Ancillary Administrator.

Burt, Kinnison, Carson & Shadrach, Canton, representing Pennsylvania Railroad Company.

By HAMMOND. J.

On October 14, 1935, this court appointed L. M. Kyes, ancillary administrator of the estate of Jesse Walker, a resident of Lawrence County, Pennsylvania. upon an application for such appointment. in which application it was alleged that no administration was being had or contemplated in the county in which the decedent resided at the time of his decease. The ancillary administrator filed in the Court of Common Pleas of this county an action against the Pennsylvania Railroad Company to recover for the alleged wrongful death of his decedent.

The Pennsylvania Railroad Company filed in this court an application to dissolve the ancillary appointment for the reason that there exists no authority in law for the appointment. A demurrer was interposed to this application. It was stipulated by counsel that the decedent at the time of his death was a resident of Lawrence County, Pennsylvania; that he, in company with others, was operating a motor vehicle belonging to him through this county; that said motor vehicle collided with a train of the Pennsylvania Railroad Company, resulting in damage to said motor vehicle, and in the death of the decedent; that there was no known indebtedness in the state of Ohio belonging to the decedent prior to said collision.

The demurrer challenged the right of the Pennsylvania Railroad Company to apply for the dissolution of administration claiming that it was not a party in interest. The court finds that it is a party in interest; that it is the chief party in interest. Should it be called upon to satisfy a judgment as a result of this collision, it has the right to know that the party receiving such settlement has authority to receive it and to execute a good and valid release. The demurrer is overruled.

The question now is, "Was this appointment properly made?" The answer to this question requires a very careful study of the law relating to ancillary administration. **Sec. 10511-4** provides when such an appointment may be made. It is as follows:

ANCILLARY ADMINISTRATION MAY BE HAD, WHEN AND WHERE. When a non-resident decedent leaves property in Ohio, ancillary administration proceedings may be had upon the application of any interested person in any county in Ohio in which is located property of the decedent, or in which a debtor of such decedent resides. Such applicant may or may not be a creditor of the estate. The ancillary adminis-

tration first lawfully granted shall extend to all the estate of the deceased within the state, and shall exclude the jurisdiction of any other court.

It is well to note the difference between an ancillary appointment and a domicillary appointment. In appointing a fiduciary of the estate of an inhabitant of this state there is no question raised as to the existence or the non-existence of property. The sole question is one of residence.

To support an ancillary appointment the non-resident decedent must leave property in Ohio. This requirement is very clearly set out in this section. This presents the sole question, "Did the decedent leave property in Ohio at the time of his death?" According to §10502-9 the word "property" includes lands, tenements and hereditaments, money, goods and chattels, rights and things in action, and evidences of debt. This particular section is found in the dower group, and while it may not be controlling it is at least informative as to what was meant in the enactment of §10511-4.

It is stipulated that prior to the time that the decedent entered Columbiana County, Ohio, in his motor vehicle on the day that the collision occurred he had no property in Ohio. In order to find that there was property of the decedent in Ohio, it is necessary for us to place the situs of the personal property of the decedent in Ohio. The motor vehicle was being operated in a legal manner; it bore license plates issued by the state of Pennsylvania. Certainly the situs of the motor vehicle and the property on the person of the decedent was in Lawrence County, Pennsylvania, the bona fide residence of the decedent. Swearingen v Morris, 14 Oh St 424.

It is contended that the situs of this property was transitory in nature, and that it was in Columbiana County, Ohio, at the time of the collision. The decedent traveling in Ohio in his own motor vehicle, having others with him, was here for some temporary reason, and as such did not subject himself to the laws of this state governing the disposition of any such property in case of death herein. Having arrived at this conclusion it follows that an appointment cannot be based upon this particular personal property.

This leaves but one further question to decide; that is, "Can a claim for wrongful death as provided for in §§10509-166 and 167 form a basis for and justify the appointment of an ancillary administrator?" In answering this question we must keep in mind the fact that ample provision has been made for the maintaining of such an action by a foreign administrator. This provision relieves the necessity for an ancillary appointment, and reduces the question to the propriety of such an appointment. Such an action is for the sole benefit of the individuals enumerated in the act. It is no part of the estate of the decedent. It cannot be subjected to the payment of the debts of the decedent, and is not subject to inheritance tax. It is in the nature of compensation to the enumerated persons for the monetary loss suffered through the wrongful death of the dedecedent.

Judge Rockel when acting as Probate Judge of Clark County, Ohio, decided, In Re: McCreight, 6 O. N. P. 481, 9 O. D. (N. P.) 454 and gave us the following rule:

"Ancillary administration is not favored by the law of Ohio, and should only be granted when required to preserve an estate or secure payment of a claim of a resident creditor. The conduct of a resident creditor and the condition of the estate may be such that a Court will refuse to appoint an ancillary administrator, until all remedies against the foreign administrator have been exhausted."

If any consideration is to be given to this decision we must reach the conclusion that no ancillary administrator will be appointed until a series of circumstances arise that demand such appointment; that the choice between a domicillary appointment and an an-

cillary appointment is not a matter of discretion; and that an ancillary appointment can only be had under conditions that clearly justify such appointment.

Being of the opinion that the facts in the case at bar do not justify such an appointment, it follows that the application to dissolve the appointment should be granted and the appointment dissolved.

An appeal was taken to the Court of Appeals, which court affirmed this court in an unreported opinion, of which the following is a copy:

BY THE COURT:

The motion to dismiss the appeal may be overruled.

The judgment of the Probate Court may be affirmed.

The authority for the appointment of an ancillary administrator is given by §10511-4 GC. It is authorized only when a non-resident decedent leaves property in Ohio, and may be had in a county in which is located property of the decedent, or in which a debtor of such decedent resides.

In the instant case this decedent left no property in Ohio excepting only a wrecked automobile, and his clothing and personal effects, the latter being exempt from execution under §11721 GC. The situs of the personal property such as an automobile is the domicile of the deceased owner, in this case in Pennsylvania.

Schouler's Personal Property, Volume 1, Page 351, 353.

The right of action for wrongful death of course did not arise during the lifetime of the deceased, and was in no sense property of the decedent It is authorized by §10509-167 GC, for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent.

SHERICK, MONTGOMERY & ROSS, JJ., concur.

A motion was filed in the Supreme Court of Ohio asking for an order to certify this case to that Court. The motion was overruled.

Decided in the Probate Court May 18, 1939.

Decided in the Court of Appeals, April 18, 1940.