De Garza, Admx., et al., Appellees, *v.*
Chetister, Appellant.

(No. L-77-237—Decided August 25, 1978.)

*Mr. M. Donald Carmin,* for appellant.
*Mr. John A. Harris, III,* for appellees.

Connors, J.   This appeal is from a final judgment of the trial court granting a motion for a new trial after a dismissal of the case was ordered by a visiting judge subsequent to a hearing on March 31, 1976. At the close of oral argument on various questions of law, the case was dismissed by the visiting judge. That order was never formally signed or journalized.

The action on behalf of Mrs. Francesca De Garza and her children for damages resulting from the wrongful death of Arnulfo De Garza was originally filed on June 1, 1972, in the

United States District Court for the Northern District of Ohio, Western Division. The complaint was filed by a Texas law firm. The complaint stated that the plaintiff, Francesca G. De Garza, the surviving spouse, and her two minor children were citizens of Mexico and reside in Mexico.

Defendant then moved to dismiss on the ground that the action was not brought in the name of a personal representative, and counsel for the defendant suggested to the federal court that the proper action was to have an ancillary personal representative appointed in Ohio. On July 28, 1972, the federal court so ordered. Pursuant to that order, N. Stevens Newcomer was appointed ancillary administrator of the estate of Arnulfo De Garza by the Probate Court of Lucas County, Ohio.

On August 15, 1972, the federal court ordered that the complaint be amended by inserting the name of N. Stevens Newcomer, ancillary administrator, as a party plaintiff. After the ancillary administrator had been appointed by the Probate Court of this county, defendant filed a motion asking that the action be dismissed without prejudice for lack of diversity of citizenship, and this motion was granted by the federal court, suggesting that the plaintiffs pursue their remedies in a state court.

On April 23, 1974, this action was filed in the Court of Common Pleas pursuant to R. C. 2125.04. The complaint indicated that the action was brought by Francesca G. De Garza, Tamaulipas, Mexico, in the name of N. Stevens Newcomer, ancillary administrator of the estate of Arnulfo De Garza, deceased.

Initially, the case was assigned to the Honorable Geraldine Macelwane. On July 2, 1974, the defendant moved to dismiss on the ground that the action was barred by the statute of limitations. This motion was overruled by Judge Macelwane on September 12, 1974.

In December 1974, Judge Macelwane died, and on December 17, 1974, a pretrial was held before visiting Judge Charles Ayers. At that time, defendant was granted leave to file a motion for summary judgment.

In January 1975, the Honorable Francis J. Pietrykowski was assigned and took over all of the cases which had formerly been assigned to Judge Macelwane.

On January 17, 1975, defendant's answer and motion for summary judgment were filed. Defendant's motion for summary judgment raised three issues: (1) that plaintiff De Garza lacked the capacity to sue because she was not appointed the personal representative of her deceased husband; (2) that plaintiff N. Stevens Newcomer should not have been appointed ancillary administrator of the deceased's estate because the deceased left no other property in Ohio other than the chose in action of the wrongful death action and that there was no primary administration set up outside of Ohio; and (3) that the claim was barred by the statute of limitations.

On January 23, 1975, the defendant moved the Lucas County Court of Common Pleas, Probate Division, for an order dissolving the ancillary administration of the estate of Arnulfo De Garza, deceased. The defendant's motion was denied on January 26, 1976. It is noted from testimony adduced at the hearing on March 31, 1976, that the ancillary administration of the estate of Arnulfo De Garza, deceased, is still open in the Probate Court of Lucas County.

On May 27, 1975, Francesca De Garza was granted letters of administration for the estate of her deceased husband by the County Court of Law of Hidalgo, Texas. Mrs. De Garza was represented in the application for letters of administration by the same Texas law firm that had filed the original complaint in the United States District Court. It is noted that the Ohio death certificate listed the decedent's residence as McCallum, Hidalgo County, Texas. Subsequently, through a deposition, it was established that the decedent was never a resident of Hidalgo County, Texas. Therefore, the letters of administration issued by the Texas court were void and, in all probability, a fraud upon the various courts concerned.

On June 2, 1975, plaintiff moved for a reinstatement of the case in the United States District Court. The motion outlined the preceding history of the case and indicated that the defendant was at that time claiming in his motion for summary judgment in the Court of Common Pleas that the appointment of the ancillary administrator was not proper, a position exactly opposite of that taken by the defendant in federal court. The federal court denied plaintiff's motion for

reinstatement on August 5, 1975, stating: "Plaintiffs are urged to pursue the remedies presently available in the pending state court litigation."

On October 7, 1975, plaintiff's opposition to defendant's motion for summary judgment, plaintiff's motion to amend the complaint, and plaintiff's amended complaint were filed in the Court of Common Pleas of Lucas County.

Plaintiff's opposition to the defendant's motion for summary judgment argued for the rule that the appointment of an ancillary administrator for the purpose of prosecuting a wrongful death action was proper in that the chose in action of a wrongful death claim is part of the decedent's estate and warrants the appointment of an ancillary administrator, whether the decedent left any general estate or not. The motion to amend the complaint noted that the plaintiff, Francesca De Garza, was now appointed administratrix of her deceased husband's estate, that a foreign representative may sue in Ohio, and that an amendment, which did not change the cause of action, relates back to the date of the initial commencement of the action.

On October 8, 1975, the Court of Common Pleas granted plaintiff's motion to amend the complaint to show that Francesca De Garza brought the action as administratrix of her deceased husband's estate. As noted, *supra,* the appointment of Francesca De Garza was void.

Subsequently, defendant's motion for a summary judgment was denied on October 28, 1975. The Court of Common Pleas of Lucas County, the Honorable Francis J. Pietrykowski presiding, found that the motion was not well taken and was moot. This action was based on the assumption that the appointment of Francesca De Garza in the state of Texas was valid.

On November 13, 1975, the court granted the defendant leave to move on or before November 26, 1975, and to plead on or before December 3, 1975.

Subsequently, a pretrial conference was held on December 10, 1975, and the matter was set for trial on March 31, 1976. The court granted defendant leave to file a second motion for summary judgment on or before January 30, 1976. It is noted that no motion for summary judgment was ever filed.

Defendant filed an answer to the plaintiff's amended complaint on January 26, 1976. On February 9, 1976, the defendant filed interrogatories, which were answered by the plaintiff on March 11, 1976.

On March 30, 1976, at about 4 p.m., a motion of the defendant for leave to file an amended answer to plaintiff's amended complaint was granted *ex parte* by a judge of the general trial division of the Court of Common Pleas.

Following years of tangled skein and a procedural morass, on the date assigned for trial, March 31, 1976, the parties were present in the assigned judge's courtroom and were informed that the case would be heard by a visiting judge.

At approximately 11:40 a.m. the case came on for trial. At that time, counsel for the defendant presented a "notice of intent to rely on foreign law." Defendant indicated that he would rely on Texas law.

With the jury empaneled, a recess was taken and counsel were called in to chambers by the visiting judge. The court indicated that he would insist that plaintiff prove that she had been properly appointed the administratrix in Texas. Counsel for the plaintiff protested that a collateral attack was being made on a foreign judgment on the day of trial and that the letters of administration appointing Mrs. De Garza administratrix of the estate had been provided to the court and counsel for the defendant as early as October 7, 1975. Counsel for the defendant, however, represented to the court that he had just received letters of administration four days before. Plaintiff had requested a continuance of the case, but such request was refused.

The chief deputy clerk of the Probate Court was called and his testimony adduced. The evidence showed that N. Stevens Newcomer was appointed ancillary administrator of the estate of Arnulfo De Garza, deceased, on August 14, 1972, by the Lucas County Probate Court. As noted above, the estate remains open. It was the opinion of the chief deputy clerk that a valid domiciliary administration was not necessary for the appointment of an ancillary administrator under Ohio probate practice. Plaintiff moved that N. Stevens Newcomer again be reinstated in the caption as the ancillary

administrator of the estate of Arnulfo De Garza, deceased. The court refused to grant plaintiff's motion to amend.

At the close of the evidence, the court refused to grant plaintiff leave of court to respond to the new issue raised the day of trial; leave to amend the complaint; and leave to correct any deficiencies in the appointment of a personal representative. The court, on its own motion, granted a directed verdict on defendant's behalf and dismissed the action.

Although the trial court did make an entry on the trial docket sheet, no journal entry was ever filed, and while counsel for both parties submitted proposed judgment entries, no entry was ever signed or filed by the judge.

On April 13, 1976, plaintiff filed her request for findings of fact and conclusions of law. On May 14, 1976, plaintiff filed her proposed findings of fact and conclusions of law. No ruling whatsoever was ever made on the plaintiff's request.

Subsequently, a motion to disqualify the trial judge and an affidavit of prejudice against the visiting judge was filed. The Chief Justice of the Ohio Supreme Court notified the Common Pleas Court that the visiting judge had disqualified himself on March 21, 1977. A motion for a new trial had been filed by plaintiff on July 2, 1976. Various grounds were set forth in the motion.

After the visiting judge disqualified himself, the case was assigned to his successor, Judge Peter M. Handwork. A pretrial was had on April 18, 1977, at which time the then assigned judge indicated to counsel that he had reviewed the reconstructed file and would grant plaintiff a new trial. The order of new trial was filed as a docket entry as well as a journal entry on July 22, 1977.

The journal entry granting a new trial reads as follows:

"The Court having considered the record herein, the Court finds that in the interests of justice and pursuant to civil rule 63(B) this cause should be and is hereby Ordered set for new trial on its merits."

Counsel for the plaintiff presented a journal entry which was signed by the court on September 13, 1977.

It is from this judgment order that the defendant appeals, setting forth the following assignment of error:

"The lower court erred, to the prejudice of defendant, in granting plaintiff-appellee's motion for a new trial on the grounds of irregularity in the proceedings that the judgment was contrary to law and erred in ordering the complaint amended to substitute N. Stevens Newcomer as ancillary administrator of the estate of Arnulfo Garza, (sic) Deceased."

We note that no opposition to the motion of plaintiff for a new trial was ever made by the defendant in this action.

Civil Rule 17(A), real party in interest, provides in pertinent and applicable parts as follows:

"* * * An executor, administrator, * * * or a party authorized by statute may sue in his name as such representative without joining with him the party for whose benefit the action is brought.* * *No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

We find that prior to the dismissal of this action by the visiting judge, numerous prejudicial irregularities in the proceedings, singly and in combination, resulted in a clear abuse of discretion before and at the hearing. We further find that the dismissal of the action as attempted by the prior judge is a clear violation of the mandates of Civil Rule 17(A). We further find that the successor judge, when viewing such circumstances, has inherent power to grant a new trial in addition to the authority given him under Civil Rule 63.

It has long been recognized in Ohio that the proper remedy in cases of this kind is a substitution of parties, rather than a dismissal of the action. *Kyes* v. *Pennsylvania Rd. Co.* (1952), 158 Ohio St. 362; *Canterbury* v. *Pennsylvania Rd. Co.* (1952), 158 Ohio St. 68; and *H. S. Leyman Co.* v. *Piggly-Wiggly Corp.* (1944), 45 Ohio Law Abs. 528.

By statute, an action for wrongful death must be brought in the name of the personal representative of the deceased person. R. C. 2125.02. This is true even though the statutory beneficiaries are the real parties in interest and the personal representative acts merely as a nominal or formal party or

statutory trustee. The statute, therefore, authorizes the action to be brought in the name of the personal representative as though he were the real party in interest. Civil Rule 17(A) specifically allows this as an exception to the general rule that an action must be prosecuted in the name of the real parties in interest.

Civil Rule 17(A) is also for the benefit of the defendant. As noted in *Renner* v. *Pennsylvania Rd. Co.* (1951), 61 Ohio Law Abs. 298, 302, "The only concern defendants have is that the action be brought in the name of the party authorized so that they may not again be hailed into court to answer for the same wrong."

From the record, the defendant waived any objection to the appointment of Mrs. De Garza as administrator. An objection under Civil Rule 17(A) that an improper party brings the action is also waivable to the same extent as is the overlapping objection to capacity. *McLouth Steel Corp.* v. *Mesta Machine Co.* (E.D. Penn. 1953), 116 F. Supp. 689, 691. The court's statement in that case is applicable here:

"In the present case, after two years of procedural maneuvering, the defendants presented their motion four days before the day on which the case was set for trial, after all parties had prepared and witnesses had been brought from considerable distances. It is hard to see how a motion could be less timely."

It is apparent from the record that Mrs. De Garza was not properly appointed administratrix under the Texas law, as this was properly raised below. However, we find the remedy not to be a dismissal of the action, but rather the granting of a delay until the proper personal representative could be substituted. We find that in the present case leave of court was not even necessary. Since an ancillary administrator had been appointed by the Probate Court of Lucas County, the estate was still open, and plaintiff's motion to amend the caption to reinstate the name of the personal representative should have been granted.

Pursuant to the request of both plaintiffs and defendant, this court answers in the affirmative the question of whether a wrongful death action may be brought in the name of a personal representative appointed for the specific purpose of prosecuting a wrongful death action.

If the answer were not in the affirmative, the posture of this case would leave the plaintiffs, for all practical purposes, with no forum in which their claim could be adjudicated. Simple justice demands that she be provided a forum.

The general rule is as follows:

"* * *[A]s a general rule the existence of a cause of action for wrongful death is a sufficient basis for a grant of administration in the jurisdiction where such [cause] of action arose or may be enforced, even though decedent was a nonresident and left no other assets therein." 33 Corpus Juris Secundum 894, Executors and Administrators, Section 17(b).

The weight of authority in Ohio is in accord with the general rule. *In re Arduino* (1909), 9 N.P. (N.S.) 369. See also *Estate of Stingacs* (1911), 12 N.P. (N.S.) 107. See also *Bucyrus Steel Castings Co.* v. *Farkas* (1914), 15 N.P. (N.S.) 609. In the *Bucyrus Steel Casting* case, the defendant petitioned the Probate Court to vacate the appointment of the administrator because the decedent was not a resident of Ohio and did not leave an estate in Ohio to be administered.

On appeal the court held, in paragraphs 3 and 4 of the syllabus:

"3. The chose in action in favor of the wife and children for wrongful death, under Sections 10770 and 10772 of the General Code [now R. C. 2125.01 and 2125.02], is a part of the decedent's estate, though in a limited or qualified sense, and warrants the appointment of an administrator for it whether he left any general estate or not.

"4. Administration is a proceeding *in rem,* and whether this chose in action is a part of the estate or not, it is a trust which the statute provides shall be administered through an administrator appointed by the court."

Relying on this authority, we hold that even though there existed no other necessity for such an appointment, and the deceased was not domiciled in this state, and left no property herein, the court for the county where the injury was received and the deceased died may properly entertain such jurisdiction. Cf. *In re Walker* (1939), 34 Ohio Law Abs. 246; *Cooper* v. *Gulf C. & S. F. Ry. Co.* (1906), 41 Tex. Civ. App. 596, 93 S.W. 201.

We hold, therefore, that an action for wrongful death is an asset of the decedent's estate and is, therefore, sufficient to justify the appointment of an administrator or an ancillary administrator in this state. The assignment of error is not well taken.

*Judgment affirmed.*

POTTER, P. J., and BROWN, J., concur.