**FOGT, Exr., Appellant, et al.,**

**v.**

**UNITED OHIO INSURANCE COMPANY, Appellee.**

[Cite as *Fogt v. United Ohio Ins. Co.* (1991), 76 Ohio App.3d 24.]

Court of Appeals of Ohio,
Shelby County.

No. 17–90–23.

Decided Aug. 29, 1991.

*Kerrigan, Boller, Stevenson & Goettemoeller Co., L.P.A.*, and *Michael F. Boller*, for appellant.

*Mark S. O'Connor*, for appellee.

Thomas F. Bryant, Presiding Judge.

This is an appeal by plaintiff-appellant, Barbara E. Fogt, from a declaratory judgment based on the stipulations and pleadings of the parties entered on September 20, 1990 in the Court of Common Pleas of Shelby County in favor of defendant-appellee United Ohio Insurance Company ("United").

The complaint filed in this case demands recovery of accidental death benefits allegedly due under the terms of an automobile insurance policy for the accidental death of the insured and his spouse.

After the pleadings were closed, plaintiff filed a motion pursuant to the rules for judgment on the pleadings. Those pleadings then consisted of the plaintiff's complaint with insurance policy attached and incorporated by reference, the defendant's answer, and certain stipulations of counsel. The defendant, in response, submitted the pleadings and stipulations to the court as if upon trial for declaration of its policy's terms. Thus, apparently by consent

or agreement of counsel, the court entered its declaratory judgment on the issues presented to it.

The essential facts below were stipulated. Plaintiff Fogt's parents, John and Dolores Pequignot, were killed in an automobile collision with a tortfeasor. At the time of their deaths, an automobile insurance policy issued by United to John Pequignot was in full force and effect. Among the policy's endorsements were those providing coverage against loss due to collision and upset and for payment of accidental death benefits of $5,000 each upon the accidental death of the insured and his spouse, and for their funeral expenses.

The United policy provided for subrogation according to the terms which follow:

"A. If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another, we shall be subrogated to that right. That person shall do:

"1. Whatever is necessary to enable us to exercise our rights; and

"2. Nothing after loss to prejudice them. * * *

"B. If we make a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall:

"1. Hold in trust for us the proceeds of the recovery; and

"2. Reimburse us to the extent of our payment."

Upon the death of her parents, Fogt was appointed executor of her father's will and commissioner for release of her mother's estate from administration. Thus, as personal representative of her deceased parents and on behalf of the statutory beneficiaries she instituted a wrongful death action against the tortfeasor pursuant to R.C. 2125.01 et seq. Eventually, with court approval, the suit was settled and the proceeds distributed.

Subsequently, Fogt, as executor, filed a claim with United for $10,000 as the sum due under its policy for the accidental death of the insured and his spouse. United admitted the policy coverage, but refused payment, claiming a setoff for that sum as recovered in the wrongful death settlement and subject to the insurer's policy right of subrogation.

Consequently, Fogt, as executor, filed this suit against United to recover as fiduciary the death benefits allegedly due under her decedent's automobile policy. She made no policy claim for loss of the insured automobile or for expenses for funeral and burial recovered from the tortfeasor by settlement reimbursing her decedents' estates.

The trial court found that the payment received from the tortfeasor by the settlement of the wrongful death action, in conjunction with the subrogation

clause contained in the policy, made the question of recovery against United moot and thus dismissed the action. Fogt now appeals from that judgment upon two assignments of error.

Fogt's assignments of error do not address the trial court's judgment entry and do not follow Loc.App.R. 7, requiring specificity and clarity of the presentation of assignments of error, but in the interests of justice we will address the issue on appeal as we perceive it to be argued by the parties.

We understand Fogt to argue that the payment received from the tortfeasor in the settlement of the wrongful death action is an award created by statute for the statutory beneficiaries and, therefore, not an asset of the insured decedent to be distributed as part of his estate. Accordingly, appellant argues that the subrogation clause of the decedent's insurance policy is not applicable to the statutory beneficiaries or their statutorily created right to an award for the wrongful death of the decedents.

Conversely, United argues that under the terms of the policy it is a subrogee of the executor's recovery from the tortfeasor and, therefore, because the decedent's policy requires payments received for claims covered by the policy to be held in trust for it as subrogee, the settlement received by executor Fogt offsets the amount otherwise to be paid by United, rendering moot her claim under the policy.

R.C. 2125.02 states, in pertinent part, as follows:

"(A)(1) An action for wrongful death shall be brought in the name of the personal representative of the decedent for the *exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent.*

"(2) The jury, or the court * * * may award damages authorized by division (B) of this section, as it determines are *proportioned to the injury and loss resulting to the beneficiaries described in division (A)(1) of this section by reason of the wrongful death* * * *." (Emphasis added.)

Further, R.C. 2125.03 states, in part, as follows:

"(A) The amount received by a personal representative in an action for wrongful death under sections 2125.01 and 2125.02 of the Revised Code, *whether by settlement or otherwise, shall be distributed to the beneficiaries or any one or more of them.* The court that appointed the personal representative shall * * * adjust the share of each beneficiary in such a manner as is equitable, *having due regard for the injury and loss to each beneficiary resulting from the death* * * *." (Emphasis added.)

In *De Garza v. Chetister* (1978), 62 Ohio App.2d 149, 16 O.O.3d 335, 405 N.E.2d 331, the court stated:

"By statute, an action for wrongful death must be brought in the name of the personal representative of the deceased person. R.C. 2125.02. This is true even though the statutory beneficiaries are the real parties in interest and the personal representative acts merely as a nominal or formal party or statutory trustee. The statute, therefore, authorizes the action to be brought in the name of the personal representative as though he were the real party in interest. Civil Rule 17(A) specifically allows this as an exception to the general rule that an action must be prosecuted in the name of the real parties in interest." *Id.* at 155–156, 16 O.O.3d at 339, 405 N.E.2d at 336. See, also, *Ahlrichs v. Tri–Tex Corp.* (1987), 41 Ohio App.3d 207, 534 N.E.2d 1231.

It is clear that the legislature's intent in enacting R.C. 2125.01 *et seq.* was to give certain survivors of a wrongfully killed decedent a means to redress their tangible and intangible injuries and losses. No comparable right existed at common law. The statutory purpose, as interpreted by Ohio courts, permits statutory beneficiaries to recover compensation by a legal action to be brought by the decedent's personal representative, with any compensation recovered as a result of judgment in or settlement of or in lieu of that claim to be distributed to such beneficiaries directly, in portions as they may agree or as ordered by the court, but such distributions are not received by them as inheritance or bequests from the decedent or from assets of his estate. The proceeds of a statutory recovery for the wrongful death of another are assets of the decedent's estate for procedural and accounting purposes only. The award recovered, being the property of the decedent's survivors recognized by statute for the purpose of the recovery, may not be used by the decedent's fiduciary to satisfy the decedent's general or contracted debts.

The fact that the personal representative required to act under R.C. 2125.01 is also the decedent's executor for estate purposes is irrelevant. The statute specifies that the personal representative is only acting formally for the benefit of statutory beneficiaries and not for the benefit of the estate. *De Garza, supra,* 62 Ohio App.2d at 155, 16 O.O.3d at 339, 405 N.E.2d at 335–336.

Fogt brought the case at bar under R.C. 2125.01 as personal representative, for recovery of a wrongful death award for the statutory beneficiaries. In that capacity, she settled the action and received $400,000 in compensation. By court approval, and pursuant to the applicable section of the statute, the settlement distributed to the statutory beneficiaries was reduced to reflect reimbursement to John Pequignot's estate for its payment of his funeral and burial expenses and those of his spouse, with the remainder of the proceeds distributed to the statutory beneficiaries.

Further, only United and Fogt (as fiduciary of the estate of John Pequignot) are in contractual privity of the decedent's insurance policy with attendant rights and obligations under that insurance contract. Hence, if Fogt, having recovered from the tortfeasor, made a claim under the policy for the funeral and burial expenses of the decedents, the insurer might properly have denied it as a subrogee under the insurance contract.

However, monies recovered by Fogt in her capacity as personal representative for purposes of R.C. 2125.01 and received by her in that capacity for exclusive distribution to statutory beneficiaries are not an asset of the decedent's estate to be administered by Fogt as executor. Because the right to recover for his wrongful death was neither an asset of the decedent during life to which his executor has succeeded, nor a right given by statute to his estate and subject to payment of his general and contract debts and bequests, except as limited to funeral and burial expenses, there has been no recovery by anyone bound by contract with the insurer, to which the insurer's right to subrogation has attached. Hence, the recovery of benefits resulting from the death of its insured by strangers to the insuring indenture may not be set off against the contractual death benefits due the executor upon occurrence of the events insured against, the accidental death of the insured and of his spouse.

On the other hand, United as insurer is bound by its contract with the insured to pay the agreed death benefits to Fogt as successor to the insured's contract interest, to be administered by her in her capacity as executor as assets of the deceased insured's estate.

Appellant's first and second assignments of error, upon the issues as we have considered them, are well taken and are sustained.

Accordingly, having found error of the trial court prejudicial to the appellant, the judgment of the Court of Common Pleas of Shelby County is reversed and the cause remanded to that court for further proceedings not inconsistent with this opinion.

*Judgment reversed*
*and cause remanded.*

HADLEY and SHAW, JJ., concur.