YARDLEY; Stewart, Special Admr., Appellant,

v.

**WEST OHIO CONFERENCE OF THE UNITED METHODIST CHURCH, INC. et al., Appellees.**

[Cite as *Yardley v. W. Ohio Conference of the United Methodist Church, Inc.* (2000), 138 Ohio App.3d 872.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 00AP–172 and 00AP–173.

Decided Aug. 29, 2000.

*Clifford O. Arnebeck, Jr.,* for appellant.

*Smith, Rolfes & Skavdahl Co., L.P.A.,* and *Matthew J. Smith,* for appellee West Ohio Conference of the United Methodist Church, Inc.

*Moots, Cope Stanton & Carter, Philip R. Moots* and *Christopher E. Hogan,* for appellee Columbus North District of the United Methodist Church.

*Steven Colliflower, pro se.*

TYACK, Judge.

On October 26, 1998, Debora A. Yardley filed a complaint in the Franklin County Court of Common Pleas against the West Ohio Conference of the United Methodist Church, Inc. ("West Ohio Conference"), the Columbus North District of the United Methodist Church, Inc. ("District"), and Steven Colliflower. The complaint was a refiled complaint, Yardley having voluntarily dismissed the first complaint on July 13, 1998. The re-filed complaint set forth claims of negligence, negligent and intentional infliction of emotional distress, and clergy malpractice. The claims arose out of allegations by Yardley that she and Colliflower, former pastor at St. Luke's United Methodist Church, had a sexual relationship during the time she was receiving spiritual and alcohol counseling from him.

On December 18, 1998, West Ohio Conference filed a motion, in part, to dismiss. West Ohio Conference requested that the trial court take judicial notice that in the previous case, the trial court had granted summary judgment in West Ohio Conference's favor, but Yardley had voluntarily dismissed the action before entry of final judgment. On December 23, 1998, the District joined West Ohio Conference's motion to dismiss. Yardley filed a memorandum contra, and West Ohio Conference and the District replied. On February 23, 1999, the trial court denied the motion to dismiss.

On June 4, 1999, counsel for Yardley filed a suggestion of death pursuant to Civ.R. 25 that indicated that Yardley had died on May 22, 1999. On September 2, 1999, Albert L. Stewart filed a motion in the name of the estate of Yardley, pursuant to Civ.R. 25(A)(1), requesting that he be substituted as the plaintiff in the action. In the motion, Stewart indicated that he had been named special administrator of the estate of Yardley by the Probate Court of Franklin County on September 2, 1999.

West Ohio Conference and the District filed a memorandum contra, asserting that Yardley's estate closed on June 17, 1999. West Ohio Conference and the District contended that Stewart should not be permitted to be substituted as the plaintiff because the heirs, not Stewart, were the survivors of Yardley's cause of action, Stewart was not a real party in interest, and Stewart had no standing as the estate had been fully administered.

On September 27, 1999, Stewart, per the trial court's request, filed copies of documents filed in the probate court. Such documents indicated that on September 1, 1999, the probate court filed an entry reopening Yardley's estate and on this same date, Stewart filed an application for authority to act as special administrator of the estate. Stewart indicated that he was a creditor of the estate and requested that he be named special administrator in order to preserve the rights of creditors in a matter pending in the common pleas court. As indicated above, the probate court filed an entry on September 2, 1999, appointing Stewart special administrator with power to fully administer Yardley's estate.

On October 8, 1999, West Ohio Conference filed the affidavits of Yardley's mother, Patricia Linzell, and Richard Keller, Yardley's ex-husband and father of Yardley's minor son. In such affidavits, Linzell and Keller indicated that they had no desire to proceed with the common pleas court litigation.

On October 27, 1999, Stewart, as special administrator of the estate, filed a wrongful death complaint in the Franklin County Court of Common Pleas against West Ohio Conference, the District and Colliflower. The complaint averred that Yardley died as a result of Colliflower's willful and malicious acts and West Ohio Conference's and the District's negligence.

On October 29, 1999, the trial court rendered a decision denying Stewart's motion to substitute in the survival action. On November 2, 1999, Stewart filed a motion for reconsideration.

On November 10, 1999, West Ohio Conference and the District filed a motion to consolidate the survival and wrongful death actions. On January 13, 2000, the trial court filed an order and entry granting the motion to consolidate. On this same date, the trial court journalized an entry, pursuant to its October 29, 1999 decision, denying Stewart's motion to substitute and dismissing both the survival and wrongful death actions.

Stewart (hereinafter "appellant") has appealed to this court,[1] assigning the following errors for our consideration:

"I. The trial court erroneously denied the timely filed motion to substitute the special administrator of the estate of the deceased plaintiff in a personal injury action pursuant to Civ.R. 25(A).

"II. The trial court erroneously ruled that a special administrator appointed by the probate court is not a real party in interest as defined in Civ.R. 17(A).

"III. The dismissal of the survivor action and wrongful death action without basis in fact or law constitutes a failure of justice and a taking of property of the heir and creditors of the estate in the case of the dismissal of the survivor action, and of the beneficiaries of the deceased, in the case of the wrongful death action, without due process of law in violation of the Ohio and United States Constitutions."

The first and second assignments of error are interrelated and, therefore, will be addressed together. Appellant contends that the trial court erred in denying his motion to be substituted as the plaintiff as such substitution was mandatory under Civ.R. 25(A). In addition, appellant contends that the trial court erred in concluding that he was not a real party in interest pursuant to Civ.R. 17(A). West Ohio Conference and the District (hereinafter "appellees")[2] assert that a special administrator is not entitled to automatic substitution and that Stewart was not the real party in interest.

In its decision denying the motion to substitute, the trial court stated that an administrator is to act on behalf of the beneficiaries, and Stewart was acting only on his own behalf as a creditor of Yardley. The trial court stated that there was no legal basis for allowing an alleged creditor to carry out the decedent's action if

---

1. Although the cases were consolidated below, two notices of appeal were filed for each respective case. This court has consolidated the appeals.

2. Colliflower has not filed a brief or otherwise made an appearance in this appeal.

the beneficiaries have chosen not to. Further, the trial court stated that the beneficiaries were the real parties in interest and, as administrator, Stewart should honor their wishes.

Civ.R. 25(A) addresses substitution of parties and states:

"(A) Death

"(1) If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party * * *. Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record * * *, the action shall be dismissed as to the deceased party."

The motion in the case at bar was timely and properly made by Yardley's counsel, and Yardley's action was not extinguished upon her death (see R.C. 2305.21 and R.C. 2311.21). Hence, the only issue remaining is whether or not appellant is a "proper" party. For the reasons that follow, we conclude that appellant is a proper party under Civ.R. 25(A)(1) and, therefore, the trial court erred in denying the motion to substitute.

In *Perry v. Eagle–Picher Industries, Inc.* (1990), 52 Ohio St.3d 168, 556 N.E.2d 484, the Supreme Court of Ohio discussed the differences between survival and wrongful death actions. The Supreme Court noted that both actions are prosecuted in the name of the decedent's personal representative. *Id.* at 169, 556 N.E.2d at 486. As to a survival action, the representative enforces the claim of the decedent for the benefit of the estate. *Id.* at 169–170, 556 N.E.2d at 486–487. Further, R.C. 2113.15 states that a special administrator may begin and maintain suits as administrator for the purpose of collecting the debts of the estate.

Appellees emphasize that the beneficiaries of Yardley's estate do not wish to continue the survival action and that appellant's sole interest is as a creditor of the estate. However, nothing precludes a creditor from serving as a special administrator. R.C. 2113.06. Further, any award in the survival action will go to the estate and because Yardley died intestate, such monies will pass pursuant to R.C. 2105.06.

We note further that appellant is properly deemed the real party in interest in the survival action. Civ.R. 17(A) states that every action shall be prosecuted in the name of the real party in interest and that an administrator or a party authorized by statute may sue in his or her name as such representative without joining the party for whose benefit the action is brought.

It is important to further note that Yardley's estate has been reopened by the probate court, and such court has named appellant special administrator. As set

forth above and contrary to the trial court's conclusion, there is no legal basis to preclude appellant from being substituted as the plaintiff in the survival action.

Given the above, appellant clearly was a proper party as to the survival action, and the trial court erred in not allowing substitution of appellant.

■ Appellant also properly brought the wrongful death action in his name and capacity as special administrator. Appellees correctly point out that a wrongful death suit is brought for the benefit of the statutory beneficiaries, that such beneficiaries are the real parties in interest, and the personal representative is merely a nominal party. *Perry, supra,* at 170, 556 N.E.2d at 486–487. However, and as indicated above, Civ.R. 17(A) states that an administrator or a party authorized by statute may sue in his or her own name. R.C. 2125.02(A)(1) states that an action for wrongful death shall be brought in the name of the personal representative of the decedent. Hence, appellant properly brought the wrongful death action in his name as special administrator of Yardley's estate.

■■ Indeed, a wrongful death action arising under R.C. Chapter 2125 must be brought in the name of a person appointed by a court to be the administrator, executor, or personal representative of the decedent's estate. *Ramsey v. Neiman* (1994), 69 Ohio St.3d 508, 512, 634 N.E.2d 211, 213–214. Further, as stated in *DeGarza v. Chetister* (1978), 62 Ohio App.2d 149, 155–156, 16 O.O.3d 335, 339–340, 405 N.E.2d 331, 335–336, the statutory requirement that a wrongful death action be brought in the name of the personal representative of the deceased is proper even though the statutory beneficiaries are the real parties in interest and the personal representative acts merely as a nominal party. Civ.R. 17(A) specifically allows this as an exception to the general rule that an action must be prosecuted in the name of the real party in interest. *Id.* at 156, 16 O.O.3d at 339–340, 405 N.E.2d at 336.

■ We note that neither the natural father of Yardley's child nor the maternal grandmother has the right to give up the child's right to recover under the wrongful death action, if the wrongful death action is successful in seeking recovery for Yardley's death. The proceeds, if any, will be administered through the probate court and the funds can be handled through a guardianship for the child's benefit without the direct involvement of either the natural father or the maternal grandmother.

Since appellant is the real party in interest in the wrongful death suit, the trial court erred in dismissing such suit.

Given all of the above, the trial court erred in denying appellant's motion to substitute and in dismissing both the survival and wrongful death actions. Accordingly, appellant's first and second assignments of error are sustained.

Because we sustain the first and second assignments of error, the third assignment of error is rendered moot.

Having sustained the first and second assignments of error, and the third assignment of error being rendered moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to such court to conduct further appropriate proceedings.

*Judgment reversed*
*and cause remanded.*

DESHLER and BROWN, JJ., concur.