[Cite as *Krueger v. Willowood Care Ctr. of Brunswick, Inc.*, 2019-Ohio-3976.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

JEFFREY W. KRUEGER, Executor of the
Estate of Camilo Valente

    Appellant

    v.

WILLOWOOD CARE CENTER OF
BRUNSWICK, INC., et al.

    Appellee

C.A. No.    18CA0065-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    16CIV0822

DECISION AND JOURNAL ENTRY

Dated: September 30, 2019

TEODOSIO, Presiding Judge.

**{¶1}** Jeffrey W. Krueger, executor of the estate of Camillo Valente, appeals the judgment of the Medina County Court of Common Pleas barring Mr. Krueger and Attorney Eric Valente from actively participating as counsel at trial. We reverse and remand.

I.

**{¶2}** In August 2016, Mr. Krueger, as the executor of the estate of Camillo Valente, filed a complaint against Willowood Care Center of Brunswick, Inc., and multiple John Doe defendants, alleging claims including medical negligence, wrongful death, and spoliation of evidence. Appearing as counsel were Attorneys Joseph Condeni and Eric Valente. In January 2018, Mr. Krueger, also an attorney, filed a notice of appearance as additional counsel.

**{¶3}** With the trial date approaching, both the plaintiff and defendants filed witness lists identifying Mr. Krueger and Mr. Valente as witnesses. After the issue of the

disqualification of Mr. Krueger and Mr. Valente as trial counsel was raised as a result of their potential appearances as witnesses, the parties briefed the issue and the trial court issued a journal entry on July 26, 2018. In its entry, the trial court limited Mr. Krueger and Mr. Valente in their roles as counsel, permitting them "to sit at the trial table and passively engage in the representation of the [p]laintiff," but barring them from "actively participat[ing] in the trial by questioning witnesses, interposing objections or giving opening or closing statements."

{¶4} Mr. Krueger now appeals, raising two assignments of error.

## II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION IN SUMMARILY BARRING AND DISQUALIFYING APPELLANT FROM ACTIVELY PARTICIPATING AS TRIAL COUNSEL IN THIS MATTER.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION IN SUMMARILY BARRING AND DISQUALIFYING ATTORNEY VALENTE FROM ACTIVELY PARTICIPATING AS TRIAL COUNSEL IN THIS MATTER.

{¶5} In his first assignment of error, Mr. Krueger argues the trial court erred in barring his active participation as counsel in the trial of this matter. In his second assignment of error, Mr. Krueger argues the trial court erred in barring Mr. Valente from actively participating as counsel at trial. We agree with both contentions.

{¶6} A trial court order disqualifying an attorney from continuing representation as civil trial counsel is a final, appealable order pursuant to R.C. 2505.02. *Kala v. Aluminum Smelting & Refining Co.*, 81 Ohio St.3d 1, 3 (1998). The rationale for allowing review prior to judgment is that "[a]n order granting disqualification * * * cannot be effectively reviewed after final judgment." *Russell v. Mercy Hosp.*, 15 Ohio St.3d 37, 39 (1984). "[An] appellate court's

power to vacate the judgment appealed from and order a new trial would seldom provide any solace to the party erroneously deprived of chosen counsel." *Id.* "If an order granting disqualification is erroneous, correcting it by an appeal at the end of the case would require a party to show that the handling of his case by one counsel caused him prejudice, i.e., caused a difference in result. This would appear to be an 'insurmountable burden.'" *Id.* at 39-40. Although this Court recognizes that the trial court did not order a complete disqualification of Mr. Krueger and Mr. Valente, the barring of these attorneys from participating actively at trial effectively acts as a partial disqualification and implicates the same concerns associated with complete disqualification, including the lack of a meaningful remedy in an appeal following final judgment.

{¶7} This Court reviews a trial court's disqualification of counsel for an abuse of discretion. *Avon Lake Mun. Util. Dept. v. Pfizenmayer*, 9th Dist. Lorain No. 07CA009174, 2008-Ohio-344, ¶ 13. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶8} In its journal entry barring Mr. Krueger's and Mr. Valente's active participation at trial, the trial court relied upon Prof.Cond.R. 3.7, which provides:

    (a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

        (1) the testimony relates to an uncontested issue;

        (2) the testimony relates to the nature and value of legal services rendered in the case;

(3) the disqualification of the lawyer would work substantial hardship on the client.

**{¶9}** Although Prof.Cond.R. 3.7 relates to a lawyer as a witness, it does not apply to cases where an attorney is a party to the action. *Michael P. Harvey Co., L.P.A. v. Ravida*, 8th Dist. Cuyahoga No. 97642, 2012-Ohio-2776, ¶ 4. "[N]either Prof.Cond.R. 3.7 nor its predecessor prohibits self-representation by counsel." *In re Retaining Vorys, Sater, Seymour & Pease, L.L.P., as Special*, 192 Ohio App.3d 357, 2011-Ohio-640, ¶ 77 (7th Dist.); *see also Horen v. Toledo Pub. School Dist. Bd. of Edn.*, 174 Ohio App.3d 317, 2007-Ohio-6883, ¶ 35 (6th Dist.) (concluding that under Prof.Cond.R. 3.7, a trial court could disqualify an attorney as counsel for her family, but could not disqualify her from representing herself).

**{¶10}** Although Mr. Krueger, as the executor of the estate of Camillo Valente, is the named plaintiff in this matter, Willowood would have us distinguish Mr. Krueger's role on the basis that he is not bringing an "individual claim." They contend that he is therefore not representing himself, and that Prof.Cond.R. 3.7 was correctly applied by the trial court.

**{¶11}** R.C. 2125.02(A)(1) provides:

Except as provided in this division, a civil action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent.

This requirement "that a wrongful death action be brought in the name of the personal representative of the deceased is proper even though the statutory beneficiaries are the real parties in interest and the personal representative acts merely as a nominal party." *Yardley v. W. Ohio Conf. of the United Methodist Church, Inc.*, 138 Ohio App.3d 872, 877 (10th Dist.2000). "The administrator or executor in maintaining [a wrongful death] action acts as a trustee not for

the estate but for the sole benefit of persons designated in the statute as the next of kin of the decedent." *Fielder v. Ohio Edison Co.*, 158 Ohio St. 375, 379 (1952). "The administrator or executor is a mere nominal party to the action, having no interest in the case for himself or the estate he represents." *Id.*

{¶12} As a nominal party in a wrongful death action, Mr. Krueger is not representing his own interests or the interests of the estate of which he is the executor. Consequently, we conclude that he would not be engaged in self-representation in his role as attorney, and therefore Prof.Cond.R. 3.7 would apply. This does not end our inquiry, however, as Mr. Kreuger further argues that the trial court failed to engage in the proper legal analysis and failed to make findings in support of its conclusion.

{¶13} As set forth above, "[u]nder Prof.Cond.R. 3.7, '[a] lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness' unless one of the exceptions stated in the rule applies." *Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, ¶ 20, quoting Prof.Cond.R. 3.7. "In order to determine whether a lawyer is likely to be a necessary witness, the trial court must first determine that the proposed testimony is material and relevant to the issues being litigated and that the evidence is unobtainable elsewhere." *Id.* "'Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence.'" *Id.*, quoting *Puritas Metal Prods., Inc. v. Cole*, 9th Dist. Lorain Nos. 07CA009255, 07CA009257, and 07CA009259, 2008-Ohio-4653, 2008 WL 4193934*, ¶ 34. "''A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony.'" *Id.*, quoting *Puritas Metal* at ¶ 34; *see also id.* at ¶ 21 (concluding there was no indication in the

record that the trial court considered whether the attorneys in question met the "necessary witness" test).

{¶14} As we have previously stated, the disqualification of a party's attorney is a "'drastic measure [that] courts should hesitate to impose except when absolutely necessary'" because it deprives a party of the attorney of their choosing. *Puritas Metal* at ¶ 28, quoting *Kala v. Aluminum Smelting & Refining Co.*, 81 Ohio St.3d 1, 6 (1998). "The trial court should disqualify counsel 'if, and only if, the [c]ourt is satisfied that real harm is likely to result from failing to [disqualify].'" *Id.*, quoting *Barberton Rescue Mission v. Hawthorn*, 9th Dist. Summit No. 21220, 2003-Ohio-1135, ¶ 5. Despite the fact that the trial court did not order a complete disqualification of Mr. Krueger and Mr. Valente as counsel, in barring them from active participation at trial, the effect was that of a partial disqualification that raises the same concerns and requires the same analysis as set forth above.

{¶15} With regard to Mr. Krueger, the trial court found that "[a]s both the administrator of the estate and in his personal capacity, [he] was involved in the early investigation of the facts of the incident as well as the decision making regarding how to proceed." The court further determined that "[t]he [p]laintiff may call him to establish medical bills and administration of the estate and the [d]efendant may question him regarding his knowledge of the facts surrounding the incident." Although the trial court's findings indicate that Mr. Krueger may be called as a witness to offer relevant testimony, there is no indication in the record that the trial court considered whether he met the "necessary witness" test. We therefore conclude the trial court erred in barring Mr. Krueger without engaging in an analysis as to whether he was a necessary witness.

**{¶16}** With regard to Mr. Valente, the trial court found that, as the grandson of the decedent, he had a potential interest in the proceeds of the litigation as a beneficiary of the Estate. Although the trial court further found that "Attorney Valente appears to be a necessary witness concerning the spoliation claim[,]" there is no indication that the trial court engaged in an analysis as to what his proposed testimony would consist of, if the testimony was material and relevant, and if the such testimony was unattainable elsewhere or uncontested. Although the trial court concluded that its compromise solution would not work a substantial hardship on the client, there is no indication in the record that the trial court considered if real harm was likely to result from Mr. Valente participating fully at trial. We conclude the trial court trial abused its discretion when it barred Mr. Valente from active participation at trial without making any such findings.

**{¶17}** Mr. Krueger's first and second assignments of error are sustained.

III.

**{¶18}** Mr. Krueger's first and second assignments of error are sustained. The judgment of the Medina County Court of Common Pleas is reversed.

Judgment reversed
and remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

JEFFREY W. KRUEGER, Attorney at Law, for Appellant.

JOSEPH A. CONDENI, Attorney at Law, for Appellant.

ERIC D. VALENTE, Attorney at Law, for Appellant.

LESLIE M. JENNY and JASON P. FERRANTE, Attorneys at Law, for Appellee.