[Cite as *In re Estate of Tuttle*, 2019-Ohio-5363.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
ERIE COUNTY

In re Estate of Ruth Tuttle
aka Ruth Fowler Tuttle

Court of Appeals No. E-19-008

Trial Court No. 2018-1252

DECISION AND JUDGMENT

Decided: December 27, 2019

* * * * *

D. Jeffery Rengel and Thomas R. Lucas, for appellant.

Corey Speweik, for appellees.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Judith L. Rengel, appeals from the February 12, 2019 judgment of the Erie County Court of Common Pleas, Probate Division, ordering D. Jeffrey Rengel to be removed from this case as attorney of record. For the reasons which follow, we reverse. Appellant asserts a single assignment of error:

THE TRIAL COURT ERRED IN ITS DECISION TO

DISQUALIFY LEGAL COUNSEL FROM ACTING ON BEHALF

OF APPELLANT IN THE PROBATE MATTER.

{¶ 2} Ruth Tuttle died on February 16, 2018.  On July 16, 2018, her daughter, appellant, submitted the decedent's December 1, 1999 will for probate in the Erie County Court of Common Pleas, Probate Division, through her attorney, Thomas R. Lucas.  The will made no provision for the decedent's three children and instead provided for distributions to the decedent's grandchildren.  The probate court admitted the will to probate on July 26, 2018.

{¶ 3} Appellant also filed an application to administer the estate.  The will named appellant and her brother, Gordon Fowler, as co-executors.  Because Fowler had not explicitly waived his right to administer the estate, the probate court held a hearing on September 5, 2018.  No official record was kept of this hearing.

{¶ 4} Appellant asserts appellees, Gordon Fowler and Ronald Fowler, appeared pro se.  At a meeting in chambers, Ronald Fowler informally raised questions as to the jurisdiction of the Erie County Probate Court as the proper forum for probate of the estate.  The judge requested that appellant voluntarily dismiss the application to probate the will, refile the application in an alternate jurisdiction, or file a memorandum in support of jurisdiction in Erie County.

{¶ 5} Accordingly, on September 19, 2018, appellant filed a brief in support of jurisdiction in Erie County with several unauthenticated documents attached and appellant's affidavit:  1) the decedent's death certificate indicating that she resided in Erie

2.

County at the time of her death but died in a Columbus, Ohio, hospital and was buried in Sandusky, Ohio; 2) a copy of the decedent's Erie County voting record from 1992 to 2016 and a letter from the Erie County Board of Elections to the decedent's Huron County address notifying her family that her voter registration had been cancelled due to her death; 3) copies of the appellant's 2016 and 2017 tax returns indicating the decedent was named as a dependent residing in Erie County at appellant's residence; and 4) the decedent's Erie County burial plot in Sandusky, Ohio, purchased shortly before her death. Also attached to the brief was the affidavit of appellant, who attested the decedent had not resided in her own home in Huron, Ohio, since 2013, except for a brief period of less than six months. Appellant further attested the decedent resided with appellant from 2012 through September 2017, and all of her doctors were located in Erie County. In September 2017, the decedent moved temporarily to live with Ronald Fowler in Lancaster, Ohio, to give appellant a break as caregiver. While the decedent expressed a desire to return to appellant's home, she was unable to do so because of her declining health. She was instead transferred to several hospital and nursing facilities until her death. Appellant further asserts that Ronald Fowler had control over the decedent's financial accounts and paid her medical bills.

{¶ 6} Appellees moved on October 30, 2018, to transfer venue to Fairfield County, Ohio, on the ground that the decedent had lived most recently with Ronald Fowler. Appellees asserted the following facts in their brief and not by affidavit: the decedent had alternated living at her home in Huron, Ohio, and staying with appellant in Erie County, Ohio. However, because of the decedent's declining health, appellant was

3.

unable to care for decedent and, on August 16, 2017, demanded that Ronald Fowler move the decedent to his home in Fairfield County, Ohio. They further asserted that the decedent established her final home at Ronald Fowler's home and indicated she did not desire to return to Erie County, Ohio, prior to her death approximately five months later. She also established new doctors near Fairfield County and appellant never saw the decedent again until shortly before the decedent's death. Appellees asserted the proper venue for administration of the estate was Fairfield County, Ohio. Appellant opposed the motion and challenged the factual assertions in appellees' brief.

{¶ 7} Attorney D. Jeffery Rengel filed a notice of appearance as co-counsel for appellant on January 8, 2019. Appellees moved to disqualify Rengel, pursuant to Prof.Cond.R. 3.7, on the ground that Rengel, as the decedent's son-in-law and "former housemate," would have personal knowledge of the facts in dispute and will be called as a witness. Appellant opposed the motion.

{¶ 8} On February 11, 2019, the probate court granted appellees' motion and removed Rengel as an attorney of record for appellant without making any specific findings. Appellant filed an appeal from this order and requested a stay of the February 11 order, which was granted.

{¶ 9} In her sole assignment of error, appellant argues the trial court erred by disqualifying her legal counsel from acting on her behalf in the probate matter. The trial court based its decision on Prof.Cond.R. 3.7(a) which provides that:

> A lawyer shall not act as an advocate at a trial in which the lawyer is
>
> likely to be a necessary witness unless one or more of the following

4.

applies: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; (3) the disqualification of the lawyer would work substantial hardship on the client.

The burden of proving that disqualification is necessary falls upon the moving party and the burden of proving disqualification would result in a substantial hardship is on the non-moving party. *155 N. High, Ltd. v. Cincinnati Ins. Co.*, 72 Ohio St.3d 423, 650 N.E.2d 869 (1995), syllabus.

{¶ 10} Appellant argues the trial court erred in applying this rule for several reasons. First, she argues that under former DR 5-102(B), removal was required only when it was apparent that the attorney may be called as a witness "other than on behalf of his client" and his testimony "is or may be prejudicial to his client." Therefore, disqualification of an attorney should only be imposed when absolutely necessary and in this case the only issue before the court was venue. Furthermore, a hearing on venue was unnecessary because the probate court had all of the information it needed to determine the issue, such as the decedent's voting records and death certificate. Finally, appellees merely asserted an intention of calling opposing counsel as a witness without indicating what necessary testimony attorney Rengel alone could give.

{¶ 11} Appellees argue the trial court did not consider the documents attached to appellant's brief and, therefore, we should not as well. Furthermore, they assert appellant failed to present evidence to demonstrate attorney Rengel cannot possibly be a necessary witness or that his disqualification would cause substantial hardship.

5.

{¶ 12} While there is no evidentiary rule prohibiting trial counsel from testifying in a case, trial courts "have the inherent power to disqualify an attorney from acting as counsel in a case when the attorney cannot or will not comply with the Code of Professional Responsibility and when such action is necessary to protect the dignity and authority of the court." *Baldonado v. Tackett*, 6th Dist. Wood No. WD-08-079, 2009-Ohio-4411, ¶ 5, quoting *Horen v. Toledo Pub. School Dist. Bd. of Edn.*, 174 Ohio App.3d 317, 2007-Ohio-6883, 882 N.E.2d 14, ¶ 21 (6th Dist.) (citations omitted). Because Prof.Cond.R. 3.7 can be used for abuse, disqualification should be ordered only when necessary to avoid real harm. *Sherwood v. Eberhardt*, 9th Dist. Lorain No. 18CA011286, 2019-Ohio-4213, ¶ 17, quoting *Jay-Seicean v. Seicean*, 9th Dist. Lorain No. 17CA011115, 2018-Ohio-891, ¶ 12. *See also Horen* (citations omitted); *NexGen Energy Partners, LLC v. Reflecting Blue Techs., Inc.*, 2017-Ohio-5855, 94 N.E.3d 924, ¶ 27 (11th Dist.) (citations omitted).

{¶ 13} Because the court's disqualification of an attorney acting as both a potential witness and as counsel is a discretionary determination, we review the decision under an abuse of discretion standard. *155 N. High*, 72 Ohio St.3d at 426, 650 N.Ed.2d 869. An abuse of discretion is "more than an error of law or judgment; it implies the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 218, 450 N.E.2d 1140 (1983). The failure to apply the two-part analysis discussed below can constitute an abuse of discretion. *Champoir v. Champoir*, 8th Dist. Cuyahoga No. 107754, 2019-Ohio-2235, ¶ 29; *Krueger v. Willowood Care Ctr. of Brunswick, Inc.*, 9th Dist. Medina No. 18CA0065-M, 2019-Ohio-3976, ¶ 15;

6.

*Environmental Network Corp. v. TNT Rubbish Disposal, Inc.*, 141 Ohio App.3d 377, 380, 751 N.E.2d 502 (8th Dist.2001); *In re Skrha*, 98 Ohio App.3d 487, 499, 648 N.E.2d 908 (8th Dist.1994).

{¶ 14} When considering whether such an attorney should be disqualified to prevent a potential violation of the Code of Professional Responsibility, the trial court must first determine whether the attorney is "likely to be a necessary witness." Prof.Cond.R. 3.7(a). If the attorney is likely to be a necessary witness, the court must then determine if one of the three exceptions listed in the rule apply. The only applicable exception in this case is whether disqualification "would work a substantial hardship on the client." Prof.Cond.R. 3.7(a)(3).

{¶ 15} When considering the first issue, the moving party must prove the attorney at issue will provide "testimony [that] is 'material and relevant' and 'unobtainable elsewhere.'" *Krueger at* ¶ 13. *See also 155 N. High* at 427 (applying former DR 5-102(A)). Furthermore, the moving party must assert more than merely intent to call the attorney as a witness. *Id*. The moving party must establish "it is likely the attorney would need to testify." *Baldonado*, 6th Dist. Wood No. WD-08-079, 2009-Ohio-4411, at ¶ 21. The court must also consider whether "the trier of fact may be confused or misled" and whether the moving party's rights would be prejudiced. Comment 2, Prof.Cond.R. 3(a).

{¶ 16} While appellees assert in this case that attorney Rengel might be a necessary witness because he is married to appellant and lived with the decedent, appellees did not demonstrate attorney Rengel had any testimony which would be

7.

material and relevant to the issue of venue in this case and which could not be established by another witness or even that a hearing on the issue of venue would even occur. There was also no allegation of further issues arising after venue was established.

{¶ 17} Because there is no indication in the trial court's order that the trial court applied the two-part test discussed above or found attorney Rengel was a necessary witness, we find the trial court abused its discretion in disqualifying attorney Rengel. Therefore we find appellant's sole assignment of error well-taken.

{¶ 18} Having found that the trial court did commit error prejudicial to appellant and that substantial justice has not been done, the judgment of the Erie County Court of Common Pleas, Probate Division, is reversed. This matter is remanded for proceedings consistent with this decision. Appellees are ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                  _____
                                    JUDGE

Thomas J. Osowik, J.

         _____
Gene A. Zmuda, J.                                     JUDGE
CONCUR.

         _____
                                    JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.