[Cite as *Jay-Seicean v. Seicean*, 2018-Ohio-891.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

BETH A. JAY-SEICEAN

    Appellant

    v.

DEAN SEICEAN, et al.

    Appellees

C.A. No.     17CA011115


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    15DR080429

DECISION AND JOURNAL ENTRY

Dated: March 12, 2018

---

TEODOSIO, Judge.

{¶1} Beth A. Jay-Seicean appeals the order of the Lorain County Court of Common Pleas Domestic Relations Division granting Dan N. Seicean's motion for leave to file an amended answer that added new parties and claims and removed Attorney Richard Ramsey as counsel of record for Ms. Jay-Seicean. We reverse and remand.

II.

{¶2} Ms. Seicean filed a complaint for divorce in September 2015, with the trial court issuing a mutual restraining order prohibiting the parties from concealing, selling, transferring, encumbering, or otherwise disposing of the assets of the parties without prior court order. During the litigation, Ms. Jay-Seicean disclosed she had sold her engagement and wedding ring in September 2016. Mr. Seicean filed a motion to show cause, alleging a violation of the mutual restraining order. At a show cause hearing in January 2017, Ms. Seicean testified that prior to selling the rings, she had a conversation with her attorney during which she told him that she

would send him a check for services after she had sold the rings. The testimony further revealed that Ms. Jay-Seicean sold the rings to Sam's Loan & Emporium, Inc. ("Sam's Emporium") for $3,500.00 and that Attorney Ramsey subsequently accepted a payment of $3,000.00 from Ms. Jay-Seicean. A magistrate's decision was issued concluding that Ms. Jay-Seicean had violated the mutual restraining order by selling the rings and finding her in contempt of court.

{¶3} On February 1, 2017, Mr. Seicean filed a motion for leave to file an amended answer and add claims against Ms. Jay-Seicean, Attorney Ramsey and Sam's Emporium for fraudulent conveyance, civil conspiracy, and unjust enrichment. Trial had been scheduled for February 2, 2017, however prior to going forward that morning, the trial court asked for oral argument on the motion for leave that had been filed the previous day. After the parties made their arguments, the trial court took the matter under advisement and continued the trial on the divorce complaint. On March 3, 2017, the trial court entered an order granting Mr. Seicean's motion for leave, adding Attorney Ramsey as a party, and dismissing Attorney Ramsey as Ms. Jay-Seicean's counsel of record.

{¶4} Ms. Jay-Seicean now appeals, raising four assignments of error, which have been reordered for the purposes of our review.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED DEFENDANT DAN SEICEAN'S MOTION TO AMEND [HIS] ANSWER AND ADD PARTIES[,] COUNTERCLAIMS[,] AND CROSS[-]CLAIMS ON THE DAY OF A TRIAL.

{¶5} In her first assignment of error, Ms. Jay-Seicean argues the trial court abused its discretion in granting Mr. Seicean's motion for leave to file an amended answer that added

parties and asserted new claims. Because this Court lacks jurisdiction, we cannot address the merits of its argument.

{¶6} This Court has jurisdiction to hear appeals only from final orders or judgments. Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2501.02. In the absence of a final, appealable order, this Court must dismiss the appeal for lack of subject matter jurisdiction. *Lava Landscaping, Inc. v. Rayco Mfg., Inc.*, 9th Dist. Medina No. 2930-M, 2000 Ohio App. LEXIS 176, *1 (Jan. 26, 2000).

{¶7} R.C. 2505.02(B) provides that an order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

(3) An order that vacates or sets aside a judgment or grants a new trial;

(4) An order that grants or denies a provisional remedy and to which both of the following apply:

  (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

  (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.

(5) An order that determines that an action may or may not be maintained as a class action;

(6) An order determining the constitutionality of any changes to the Revised Code made by Am. Sub. S.B. 281 of the 124th general assembly * * *;

(7) An order in an appropriation proceeding that may be appealed pursuant to division (B)(3) of section 163.09 of the Revised Code.

{¶8} The trial court's order granting Mr. Seicean's motion for leave to file an amended answer that added parties and asserted new claims was interlocutory in nature and was not a final, appealable order under any of the provisions of R.C. 2502.02(B). This Court therefore lacks jurisdiction to consider the first assignment of error.

{¶9} Ms. Jay-Seicean's first assignment of error is dismissed for lack of jurisdiction.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION WHEN [IT] DISQUALIFIED ATTORNEY RICHARD RAMSEY BASED ON THE WITNESS-ADVOCATE RULE AND FAILED TO HOLD AN EVIDENTIARY HEARING TO DETERMINE THE LIKELIHOOD AND NECESSITY OF ATTORNEY RICHARD RAMSEY'S TESTIMONY.

{¶10} In her third assignment of error, Ms. Jay-Seicean argues the trial court abused its discretion when it dismissed Attorney Ramsey based upon the advocate-witness rule and failed to hold an evidentiary hearing. We agree.

{¶11} A trial court order disqualifying an attorney from continuing representation as civil trial counsel is a final, appealable order pursuant to R.C. 2505.02. *Kala v. Aluminum Smelting & Refining Co.*, 81 Ohio St.3d 1, 3 (1998). This Court reviews a trial court's disqualification of counsel for an abuse of discretion. *Avon Lake Mun. Util. Dept. v. Pfizenmayer*, 9th Dist. Lorain No. 07CA009174, 2008-Ohio-344, ¶ 13. An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

**{¶12}** If a lawyer may have to serve as both advocate and witness, a trial court may sua sponte raise the issue of disqualification under the ethical rules governing lawyers. *Puritas Metal Prod. Inc. v. Cole*, 9th Dist. Lorain Nos. 07CA009255, 07CA009257, & 07CA009259, 2008-Ohio-4653, ¶ 25. However, disqualification of a party's attorney is a "'drastic measure [that] courts should hesitate to impose except when absolutely necessary'" because it deprives a party of the attorney of their choosing. *Id*. at ¶ 28, quoting *Kala v. Aluminum Smelting & Refining Co.*, 81 Ohio St.3d 1, 6 (1998). "The trial court should disqualify counsel 'if, and only if, the [c]ourt is satisfied that real harm is likely to result from failing to [disqualify].'" *Id.*, quoting *Barberton Rescue Mission v. Hawthorn*, 9th Dist. Summit No. 21220, 2003-Ohio-1135, ¶ 5.

**{¶13}** In the case before us for review, the trial court granted Mr. Seicean's motion to amend his answer and add claims, and Attorney Ramsey was consequently made a party to the action. The trial court then determined that because Attorney Ramsey could not "be a party and witness in the case as well as plaintiff's counsel," the court removed him, sua sponte, as counsel of record for Ms. Jay-Seicean.

**{¶14}** Although the trial court did not specifically refer to the Ohio Rules of Professional Conduct, the issue of attorney as witness is addressed by Prof.Cond.R. 3.7, which provides:

(a) A lawyer shall not act as an advocate at a trial in which the lawyer is likely to be a necessary witness unless one or more of the following applies:

  (1) the testimony relates to an uncontested issue;

  (2) the testimony relates to the nature and value of legal services rendered in the case;

  (3) the disqualification of the lawyer would work *substantial* hardship on the client.

(Emphasis sic.) "The rule is stated as an imperative; that is, counsel is not permitted by the rule to be both an advocate and a witness unless one of the exceptions applies." *Popa Land Co. v. Fragnoli*, 9th Dist. Medina No. 08CA0062-M, 2009-Ohio-1299, ¶ 14. Official Comment 4 to the rule states:

> [D]ivision (a)(3) recognizes that a balancing is required between the interests of the client and those of the tribunal and the opposing party. Whether the tribunal is likely to be misled or the opposing party is likely to suffer prejudice depends on the nature of the case, the importance and probable tenor of the lawyer's testimony, and the probability that the lawyer's testimony will conflict with that of other witnesses. Even if there is risk of such prejudice, in determining whether the lawyer should be disqualified, due regard must be given to the effect of disqualification on the lawyer's client.

{¶15} "In order to determine whether a lawyer is likely to be a necessary witness, the trial court must first determine that the proposed testimony is material and relevant to the issues being litigated and that the evidence is unobtainable elsewhere." *City of Akron v. Carter*, 190 Ohio App.3d 420, 2010-Ohio-5462, ¶ 20 (9th Dist.), citing *Puritas Metal* at ¶ 39. "'Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony and availability of other evidence * * *.'" *Id.*, quoting *Puritas Metal* at ¶ 34. "'A party's mere declaration of an intention to call opposing counsel as a witness is an insufficient basis for disqualification even if that counsel could give relevant testimony.'" *Id.*, quoting *Puritas Metal* at ¶ 34.

{¶16} There is no indication on the record before us that the trial court considered whether Attorney Ramsey was a necessary witness, whether one of the exceptions under Prof.Cond.R. 3.7 applied, or if real harm was likely to result from Attorney Ramsey continuing

his representation of Ms. Jay-Seicean. We therefore conclude the trial court trial abused its discretion when it disqualified Attorney Ramsey without making these findings.

{¶17} Ms. Jay-Seicean's third assignment of error is sustained.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUA SPONTE DISQUALIFIED APPELLANT BETH A. JAY-SEICEAN'S ATTORNEY OF RECORD, RICHARD RAMSEY[,] ON THE DAY OF TRIAL BASED ON CIV.[]R. 75N [SIC].

### ASSIGNMENT OF ERROR FOUR

THE COURT ABUSED ITS DISCRETION WHEN IT MADE ITS DECISION [TO DISQUALIFY ATTORNEY RICHARD RAMSEY] BASED ON PRIVILEGED TESTIMONY [PROTECTED BY THE] ATTORNEY[-]CLIENT PRIVILEGE.

{¶18} We do not reach the merits of assignments of error two and four because our resolution of the third assignment of error renders them moot. *See* App.R. 12(A)(1)(c).

### III.

{¶19} Ms. Jay-Seicean's first assignment of error is dismissed for lack of jurisdiction. Her third assignment of error is sustained. The second and fourth assignments of error are dismissed as moot. The judgment of the Lorain County Court of Common Pleas Domestic Relations Division is reversed and the cause is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to Appellee.

---

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

CHERYL A. LUKACS, Attorney at Law, for Appellant.

JAMES V. BARILLA, Attorney at Law, for Appellee.

TIMOTHY D. JOHNSON, Attorney at Law, for Appellee.

ALEXANDER R. FOLK, Attorney at Law, for Appellee.