[Cite as *Sherwood v. Eberhardt*, 2019-Ohio-4213.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| MELVA SHERWOOD, et al. | C.A. No. 18CA011286 |
| Appellees | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| LINDSEY E. EBERHARDT | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 10JG30837 |

DECISION AND JOURNAL ENTRY

Dated: October 15, 2019

---

CARR, Judge.

{¶1} Appellant Lindsey Eberhardt ("Mother") appeals from the judgment of the Lorain County Court of Common Pleas, Juvenile Division, granting the motion of Appellees Scott and Melva Sherwood to disqualify attorney James Barilla as Mother's counsel. This Court affirms.

I.

{¶2} Mother is the mother of two minor children. While Mother and the father of the children were not married at the time of the children's birth, Mother and the father of the children did subsequently marry. During the course of the proceedings, in late 2012, the father of the children passed away from a drug overdose. Melva Sherwood is the paternal grandmother of the children and Scott Sherwood is Melva Sherwood's husband and step-grandfather to the children.

{¶3} Unfortunately, this matter, involving custody and visitation issues of Mother's children, has a long and contentious litigation history. Even prior to the untimely death of the

children's father, the Sherwoods filed a complaint seeking custody of the children. In November 2011, an agreed journal entry was filed which purported to resolve all pending motions and set forth a visitation schedule for the children with the Sherwoods.

{¶4} Disputes over visitation resumed in late 2014. Both the Sherwoods and Mother filed motions; the Sherwoods to modify the visitation schedule, and Mother seeking to discontinue the visitation schedule. In October 2015, the Sherwoods filed a motion for legal custody of the children, and in November 2015, they filed an ex parte motion for temporary emergency custody of the children. While the motion for emergency custody was denied, the trial court did appoint Mr. Barilla as the guardian ad litem ("GAL") for the children. Mr. Barilla submitted his initial report in July 2016 and a final report at the end of August 2016.

{¶5} The relationship between Mr. Barilla and the Sherwoods also became contentious. Following an ex parte motion filed by Mr. Barilla, the Sherwoods' overnight visitation with the children was suspended. Thereafter, in July 2016, the Sherwoods filed a motion to remove Mr. Barilla for allegedly outrageous conduct. The trial court denied this motion.

{¶6} In August 2016, Mr. Barilla filed a motion for interim GAL fees totaling $14,000, which he argued should be apportioned 90% to the Sherwoods and 10% to Mother. Mr. Barilla asserted that the majority of the work he performed was at the behest of the Sherwoods and that his investigation revealed their allegations were largely unsubstantiated. Mr. Barilla also pointed out that the Sherwoods' income was substantially greater than Mother's.

{¶7} At the end of August 2016, the Sherwoods dismissed their pending motion for legal custody and motion to modify visitation. Thus, the only pending motions were for GAL fees and Mother's motion to discontinue visitation. In a September 7, 2016 entry, the trial court

noted that, due to the dismissal of the Sherwoods' motions, "by operation of law, Attorney Barilla is hereby removed as guardian ad litem in the within matter."

{¶8} Nonetheless, Mr. Barilla did testify at the hearing on Mother's motion. Mr. Barilla also filed a final fee statement for GAL fees wherein he asserted that the Sherwoods should be responsible for all of his $16,670.00 in requested fees.

{¶9} In October 2016, the trial court issued a ruling addressing the outstanding visitation issue. Mother appealed that ruling. Following a non-evidentiary hearing on GAL fees, a magistrate ordered the Sherwoods to pay 80% of the fees and Mother to pay 20% of the fees. The trial court adopted the decision that same day. The Sherwoods and Mother filed objections to the magistrate's decision. The trial court overruled the Sherwoods' objections and concluded that Mother's objection was untimely. Both Mother and the Sherwoods appealed.

{¶10} In November 2017, while the appeals were still pending, the Sherwoods, pursuant to Civ.R. 60(B), sought vacation of the judgment entry allocating GAL fees asserting that the judgment was procured by a fraud against the Sherwoods and the trial court. The Sherwoods argued that Mr. Barilla failed to disclose that he and Mother were having a "personal relationship." The Sherwoods alleged that "metadata" indicated that several of Mother's court filings were authored by Mr. Barilla. The Sherwoods also discovered that Mother and the children had moved and learned that Mother's new address was Mr. Barilla's address. The Sherwoods maintained that Mr. Barilla had a duty to disclose his relationship with Mother and failed to do so.

{¶11} Also around that time, Mother filed several pro se motions, including motions to show cause, a motion to disqualify the magistrate, and a motion to disqualify the Sherwoods'

attorney. In December 2017, Mr. Barilla filed a notice of appearance as Mother's "substitute trial counsel[.]"

{¶12} This Court thereafter remanded the appealed matters to the trial court so that it could rule on the Sherwoods' Civ.R. 60(B) motion.

{¶13} In January 2018, the Sherwoods filed a motion to disqualify Mr. Barilla as Mother's counsel. Following briefing and a non-evidentiary hearing on the pending motions to disqualify, the trial court granted the Sherwoods' motion to disqualify Mr. Barilla.

{¶14} Mother has appealed, raising two assignments of error for our review, which will be addressed out of sequence to facilitate our review.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISQUALIFIED ATTORNEY PURSUANT TO RULE 8.4(d) OF THE OHIO RULES OF PROFESSIONAL CONDUCT WITHOUT HOLDING AN EVIDENTIARY HEARING.

{¶15} Mother argues in her second assignment of error that the trial court abused its discretion in disqualifying Mr. Barilla pursuant to Prof.Cond.R. 8.4(d) without holding an evidentiary hearing.

{¶16} "[T]his Court reviews a trial court's ruling on a motion to disqualify counsel for an abuse of discretion." *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶17} "[A] court has inherent authority to supervise members of the bar appearing before it; this necessarily includes the power to disqualify counsel in specific cases." *In re E.M.J.*, 9th Dist. Medina No. 15CA0098-M, 2017-Ohio-1090, ¶ 5, quoting *Kala v. Aluminum*

*Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 4 (1998). However, "disqualification of a party's attorney is a drastic measure [that] courts should hesitate to impose except when absolutely necessary because it deprives a party of the attorney of their choosing. The trial court should disqualify counsel if, and only if, the [c]ourt is satisfied that real harm is likely to result from failing to [disqualify]." (Internal quotations and citations omitted.) *Jay-Seicean v. Seicean*, 9th Dist. Lorain No. 17CA011115, 2018-Ohio-891, ¶ 12.

{¶18} "[T]here is no requirement that a trial court must hold an evidentiary hearing before ruling on every motion for disqualification." *In re E.M.J.* at ¶ 18; *see also Dayton Bar Assn. v. Parisi*, 131 Ohio St.3d 345, 2012-Ohio-879, ¶ 15 ("[A] court must hold an evidentiary hearing and issue findings of fact in ruling on a motion for disqualification of an individual or of an entire firm when an attorney has left a law firm that represents one party to an action and has joined a firm that represents an opposing party. * * * But we have never held that a court must hold an evidentiary hearing before ruling on every motion for disqualification.").

{¶19} The trial court in its entry concluded that Mr. Barilla's continued representation of Mother would result in violations of Prof.Cond.R. 3.7(a) and 8.4(d). In light of Mother's assignment of error, this portion of the analysis will not discuss Prof.Cond.R. 3.7.

{¶20} Prof.Cond.R. 8.4(d) provides that "[i]t is professional misconduct for a lawyer to * * * engage in conduct that is prejudicial to the administration of justice[.]"

{¶21} The trial court also referenced Sup.R. 48(D)(2), (3), and (9) in its decision. "Ohio courts have generally found that the Rules of Superintendence do not, absent specific mandate, create substantive rights in individuals or procedural law. * * * Further, the Rules of Superintendence do not have the same legal standing as the rules of practice and procedure, which must be presented to the legislature and have the effect of law." (Internal quotations and

citations omitted.) *In re Z.H.*, 9th Dist. Summit No. 26844, 2013-Ohio-3904, ¶ 16.  Nonetheless, "Sup.R. 48 provides, at the least, good guidelines for the conduct of a guardian ad litem in meeting his or her responsibilities in representing the best interest of a child in order to provide the court with relevant information and an informed recommendation."  *In re K.G.*, 9th Dist. Wayne No. 10CA0016, 2010-Ohio-4399, ¶ 12.

**{¶22}**  Sup.R. 48(D) provides in relevant part:

(2) A guardian ad litem shall maintain independence, objectivity and fairness as well as the appearance of fairness in dealings with parties and professionals, both in and out of the courtroom and shall have no ex parte communications with the court regarding the merits of the case.

(3) A guardian ad litem is an officer of the court and shall act with respect and courtesy to the parties at all times.

* * *

(9) A guardian ad litem shall avoid any actual or apparent conflict of interest arising from any relationship or activity including, but not limited to, those of employment or business or from professional or personal contacts with parties or others involved in the case.  A guardian ad litem shall avoid self-dealing or associations from which the guardian ad litem might benefit, directly or indirectly, except from compensation for services as a guardian ad litem.

**{¶23}**  From the record, there appears to be no dispute that Mother and Mr. Barilla have had an ongoing personal relationship and that Mother and the children live with Mr. Barilla.  It is unclear from the record when that relationship began.  While Mr. Barilla could have chosen to clarify those details in his filings in the trial court, he did not do so.  Mother argues that Mr. Barilla's duties as GAL ceased in September 2016 when the trial court removed him as GAL.  Thus, she seems to argue that any later relationship or representation would not be problematic as Mr. Barilla was no longer the GAL.  While Mr. Barilla may have been officially removed as the GAL in September 2016, he nonetheless subsequently provided testimony at a hearing related to his duties as the GAL and was involved in litigation surrounding his GAL fees.  Given

the foregoing, as well as the longstanding litigation between Mother and the Sherwoods, it would be unreasonable for Mr. Barilla to assume that his involvement in the litigation concerning what he learned as the GAL would be over as soon as his removal was journalized.

{¶24} Further, the record also evidences that, even prior to Mr. Barilla's removal as the GAL, the Sherwoods' already doubted his objectivity. Mr. Barilla's subsequent revelation of his personal relationship with Mother, followed by his representation of her in the same underlying case surely did nothing to assuage the Sherwoods' suspicions, or, more importantly, demonstrate to the public that Mr. Barilla's service as the GAL had been fair and unbiased. Mother's argument ignores how Mr. Barilla's representation of her, given the particular circumstances of this case, would appear to the public.

{¶25} Regardless of the details of his personal relationship with Mother, the trial court properly disqualified Mr. Barilla on the basis that his service as the GAL in this matter prohibited him from acting as Mother's attorney in the same action. In reaching its decision, the trial court recognized that allowing Mr. Barilla to proceed as counsel for Mother would undermine the public's confidence in the administration of justice and cause the Sherwoods to question whether the GAL was independent, objective, and fair. Given that Mr. Barilla played a pivotal role in investigating the matter and making a recommendation to the trial court regarding the best interest of the children, the trial court did not abuse its discretion when it determined that it would be inappropriate for Mr. Barilla to act in a representative capacity when he had previously served as a neutral arm of the court.

{¶26} Mother's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DISQUALIFIED ATTORNEY BASED UPON THE WITNESS-ADVOCATE RULE AND

FAILED TO HOLD AN EVIDENTIARY HEARING TO DETERMINE THE LIKELIHOOD AND NECESSITY OF ATTORNEY'S TESTIMONY.

**{¶27}** Mother argues in her first assignment of error that the trial court abused its discretion when it disqualified Mr. Barilla based upon the witness-advocate rule. However, given our disposition of Mother's second assignment of error, this assignment of error has been rendered moot and we decline to further address it. *See Menke*, 2015-Ohio-2507, at ¶ 17.

### III.

**{¶28}** Mother's second assignment of error is overruled. Based upon our resolution of Mother's second assignment of error, Mother's first assignment of error is moot. The judgment of the Lorain County Court of Common Pleas, Juvenile Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, J.
CONCURS.

SCHAFER, P. J.
DISSENTING.

{¶29} The trial court concluded, "[i]f Attorney Barilla continues to represent [Mother], then his representation will result in violation of Rules 3.7(a) and 8.4(d); thereby mandating his disqualification and removal as [Mother]'s legal counsel, pursuant to Rule 1.16(a)(1)." In the judgment entry ruling on the motion to disqualify, the trial court did not clearly delineate between the basis for disqualifying Mr. Barilla pursuant to Prof.Con.R. 8.4(d) versus the basis for disqualifying him as attorney pursuant to Prof.Con.R. 3.7(a). The majority upholds the trial court's decision to disqualify Mr. Barilla pursuant to Prof.Cond.R. 8.4(d), and does not reach the issue of Prof.Con.R. 3.7(a). Because I would find that the trial court abused its discretion by granting the motion to disqualify Mr. Barilla as Mother's counsel on either basis, I respectfully dissent.

{¶30} Relying on unsubstantiated allegations made by the Sherwoods regarding the nature and timing of Mr. Barilla's involvement with Mother, the trial court appears to have premised its decision to disqualify Mr. Barilla upon its erroneous finding that he remained as GAL for the purpose of all proceedings and matters ancillary to the visitation issues between Mother and the Sherwoods. In its entry, the trial court stated that Mr. Barilla requested to act as

GAL, "[a]ttorney for [Mother], and boyfriend to [Mother] and surrogate father to the children in question[.]" The trial court found that Mr. Barilla's attempt to wear these "multiple hats" in this matter "would erode the public's confidence in the administration of justice and quite certainly the Sherwood's [sic] confidence that they have dealt with, and are dealing with, a [GAL] in this matter that has been independent, objective, and fair." The trial court stated that Mr. Barilla "*is* court appointed as [GAL]" (emphasis added) and "has entered into a romantic relationship with [Mother] including cohabitating with her and the children at issue in this matter[,] even though his role as [GAL] is ongoing in this court's opinion." On this basis, the trial court concluded that Mr. Barilla's romantic relationship with Mother and his cohabitation with her and her children are in clear conflict with Sup.R. 48(D)(2) and Sup.R. 48(D)(9), which govern the conduct of a GAL. However, this conclusion disregards the fact that Mr. Barilla appeared as counsel regarding Mother's show cause motions more than a year after he was removed as GAL, confuses Mr. Barilla's present relationship with Mother as evidence of an improper relationship predating his termination as GAL, and equates that with professional misconduct as an attorney in the matters presently before the court.

{¶31} In stating that "Mr. Barilla played a pivotal role in investigating the matter and making a recommendation to the trial court regarding the best interests of the children," the majority fails to recognize that Mr. Barilla's role *in the matter in which he served as GAL* terminated upon the Sherwood's dismissal of their motions for custody and visitation. The trial court appointed Mr. Barilla as GAL on November 5, 2015—as the result of the Sherwood's motion seeking custody—for the purpose of conducting an investigation and submitting a report to aid the trial court in making a decision with respect to the custody matter. The trial court never made such a custody decision, however, because the Sherwoods voluntarily dismissed

their custody action on August 29, 2016, thereby eliminating the basis for the GAL's appointment and involvement with Case No. 10JG30837. On September 7, 2016, the trial court issued the order removing Mr. Barilla as GAL "by operation of law" consequent to the dismissal of the Sherwoods' custody claim. Thereafter, the only issue before the trial court was Mother's request to terminate the visitation schedule. Thus, once the Sherwoods dismissed their motions for custody and visitation, the trial court was not in a position to consider the report or utilize it in making a finding regarding the best interests of the child.

{¶32} Further, the trial court's finding that Mr. Barilla, subsequent to his removal as GAL, testified in his role as GAL at the hearing on Mother's motion to terminate or modify visitation is belied by the record. Mr. Barilla did testify, but not in his capacity as GAL. The record reflects that the trial court and the parties understood that Mother was calling Mr. Barilla as a fact witness and they were aware that Mr. Barilla was not testifying as GAL. Furthermore, although Mr. Barilla continued to pursue his claim to recover the fees he claimed to have earned while serving as GAL, his collection efforts do not reestablish his status as GAL.

{¶33} Additionally, it is unclear how the trial court's concern over the Sherwoods' suspicions of Mr. Barilla's objectivity as GAL in the prior proceedings related to his present ability to represent Mother. Regardless of whether Mr. Barilla made any effort to assure the Sherwoods that he had been an unbiased GAL, his role as GAL had ended and the Sherwoods' concerns regarding his objectivity were no longer relevant. The procedural history of this case, tortuous as it may be, reflects that Mr. Barilla acted as GAL in one matter, and then later as attorney in a separate matter, though both matters were captioned under the same case number. The Sherwoods' speculation that Mr. Barilla's relationship with Mother preceded his removal as GAL was not supported by evidence in record. In fact the, the majority acknowledges that "[i]t

is unclear from the record when th[e] relationship began." Despite the fact that the court did not hold an evidentiary hearing, the majority faults Mr. Barilla for failing "to clarify those details in his filings in the trial court[.]" Nevertheless, there is simply no evidence in the record to support a finding that Mr. Barilla and Mother commenced and concealed a romantic relationship while he was serving as GAL, or that they neglected to disclose their relationship once it began.

{¶34} The question before the trial court was whether Mr. Barilla's representation of Mother constituted a violation of Prof.Cond.R. 8.4. Although there may have been reasons for finding Mr. Barilla's representation of Mother to be ill-advised or distasteful, there is simply no basis in the record for concluding that his representation was prejudicial to the administration of justice rising to the level of professional misconduct. Mr. Barilla's relationship with Mother does not, in and of itself, constitute a violation of Prof.Cond.R. 8.4(d). The trial court's finding that Mr. Barilla's actions constituted professional misconduct required a twist of logic and distortion of the facts regarding his role as GAL and the timing of his romantic relationship with Mother.

{¶35} The disqualification of an attorney is a "'drastic measure [that] courts should hesitate to impose except when absolutely necessary[.]'" *Puritas Metal Prods., Inc. v. Cole*, 9th Dist. Lorain Nos. 07CA009255, 07CA009257, ad 07CA009259, 2008-Ohio-4653, ¶ 28, quoting *Kala v. Aluminum Smelting & Refining Co.*, 81 Ohio St.3d 1, 6 (1998). Although a trial court should disqualify counsel only if the court is satisfied that real harm will likely result if the representation continues, the trial court's decision in this matter is not based on such a finding. *Id.* In the absence of any evidence to establish an ethical violation or clear breach of duty, I would conclude that the trial court abused its discretion in finding that Mr. Barilla engaged in

professional misconduct prejudicial to the administration of justice in violation of Prof.Cond.R. 8.4.

{¶36} Based on the foregoing, I would sustain Mother's second assignment of error. Furthermore, I would sustain Mother's first assignment of error on the basis that the trial court erred by disqualifying Mr. Barilla without making the required findings or conducting a complete analysis under Prof.Cond.R. 3.7. Accordingly, I would reverse the trial court's decision to remove Mr. Barilla.

APPEARANCES:

BRENT L. ENGLISH, Attorney at Law, for Appellees.

JAMES V. BARILLA, Attorney at Law, for Appellant.