[Cite as *Ceccoli v. Budd*, 2020-Ohio-4176.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

ANTHONY J. CECCOLI

    Appellee

    v.

DIANNE L. BUDD (fka CECCOLI)

    Appellant

C.A. No.     19CA0086-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    18 DR 0144

DECISION AND JOURNAL ENTRY

Dated: August 24, 2020

CARR, Judge.

{¶1}    Appellant Dianne L. Budd, f.k.a. Ceccoli, appeals from the judgment of the Medina County Court of Common Pleas, Domestic Relations Division. We reverse in part, and dismiss in part.

I.

{¶2}    Ms. Budd and Appellee John A. Ceccoli were married in June 1992 and four children were born of their marriage. In 2018, Mr. Ceccoli filed a complaint for divorce and Ms. Budd filed a counterclaim. At the time of the divorce proceedings, only three of the parties' children were still minors. In October 2018, the magistrate ordered the parties to participate in Intensive Case Management and scheduled an intensive parenting conference with an Intensive Case Manager. The magistrate noted that "[t]his case involves a high degree of conflict between the parties." From the record, it appears that two intensive parenting conferences were scheduled prior to the filing of the divorce decree.

**{¶3}** In March 2019, an agreed judgment entry of divorce was filed, which included a separation agreement and a parenting plan. The parenting plan named Ms. Budd as the residential parent and custodian of the children. Parenting time was to be as agreed by the parties. If there was no agreement, Mr. Ceccoli was permitted to have supervised visitation with the minor children as outlined in the plan and attached exhibit. The parenting plan also required that Mr. Ceccoli and the minor children participate in reunification counseling as frequently as recommended by the provider. Ms. Budd was required to attend reunification counseling without Mr. Ceccoli present as directed by the provider.

**{¶4}** In August 2019, Mr. Ceccoli filed a multi-branch motion requesting that Ms. Budd and the children be required to comply with the reunification provisions in the decree, that a new guardian ad litem be appointed, that the court order the parties to attend intensive parenting conferences, that Mr. Ceccoli be granted immediate parenting time, that Ms. Budd be held in contempt for failing to comply with the parenting plan and failing to return personal property, and that Mr. Ceccoli be awarded attorney fees. Ms. Budd opposed the motion.

**{¶5}** In September 2019, Ms. Budd then filed a motion to suspend Mr. Ceccoli's supervised visits with his children. In October 2019, Mr. Ceccoli filed a motion to disqualify Ms. Budd's attorney. Mr. Ceccoli asserted that Ms. Budd's attorney's representation violated Prof.Cond.R. 1.7(a)(2). Mr. Ceccoli maintained that Ms. Budd's attorney also represented one of the minor children in a juvenile court case and Ms. Budd's attorney's "continued representation of [Ms. Budd] will materially affect the child and not be in the child's best interest." Ms. Budd opposed the motion. Ms. Budd agreed that her counsel also represented one of the parties' children in a juvenile case involving a charge of unruliness for habitual truancy.

{¶6} Also, in October 2019, the magistrate issued an order denying Mr. Ceccoli's motion to appoint a guardian ad litem. Mr. Ceccoli moved to set aside the magistrate's order and Ms. Budd opposed Mr. Ceccoli's motion to set aside.

{¶7} On November 15, 2019, the trial court issued a judgment entry addressing two issues. Specifically, the trial court stated that the matters before it were Mr. Ceccoli's motion to disqualify counsel as well as the opposition to the motion and the motion to set aside the magistrate's order as well as Ms. Budd's opposition to the motion to set aside. The trial court granted Mr. Ceccoli's motion to disqualify Ms. Budd's counsel. The trial court also, without referring to Mr. Ceccoli's motion on the same topic, ordered the parties into Intensive Case Management "to assist with the parties' coordination and communication with the reunification counselor." "Due to this referral," the trial court determined that a guardian ad litem was not necessary. The trial court therefore denied Mr. Ceccoli's motion to set aside the magistrate's order and dismissed his request for a guardian ad litem.

{¶8} Ms. Budd appealed the trial court's decision, raising two assignments of error. Mr. Ceccoli did not file a responsive brief. *See* App.R. 18(C). The record was subsequently supplemented with the trial court's confidential file.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED BY GRANTING APPELLEE'S MOTION TO DISQUALIFY COUNSEL WITHOUT ADEQUATE JUSTIFICATION.

{¶9} Ms. Budd argues in her first assignment of error that the trial court erred in granting Mr. Ceccoli's motion to disqualify Ms. Budd's counsel.

{¶10} "[T]his Court reviews a trial court's ruling on a motion to disqualify counsel for an abuse of discretion." *Sherwood v. Eberhardt*, 9th Dist. Lorain No. 118CA011286, 2019-Ohio-

4213, ¶ 16, quoting *Menke v. Menke*, 9th Dist. Summit No. 27330, 2015-Ohio-2507, ¶ 8. An abuse of discretion means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

> "[A] court has inherent authority to supervise members of the bar appearing before it; this necessarily includes the power to disqualify counsel in specific cases." *In re E.M.J.*, 9th Dist. Medina No. 15CA0098-M, 2017-Ohio-1090, ¶ 5, quoting *Kala v. Aluminum Smelting & Refining Co., Inc.*, 81 Ohio St.3d 1, 4 (1998). However, "disqualification of a party's attorney is a drastic measure [that] courts should hesitate to impose except when absolutely necessary because it deprives a party of the attorney of their choosing. The trial court should disqualify counsel if, and only if, the [c]ourt is satisfied that real harm is likely to result from failing to [disqualify]." (Internal quotations and citations omitted.) *Jay-Seicean v. Seicean*, 9th Dist. Lorain No. 17CA011115, 2018-Ohio-891, ¶ 12.

> "[T]here is no requirement that a trial court must hold an evidentiary hearing before ruling on every motion for disqualification." *In re E.M.J.* at ¶ 18; see also *Dayton Bar Assn. v. Parisi*, 131 Ohio St.3d 345, 2012-Ohio-879, ¶ 15 ("[A] court must hold an evidentiary hearing and issue findings of fact in ruling on a motion for disqualification of an individual or of an entire firm when an attorney has left a law firm that represents one party to an action and has joined a firm that represents an opposing party. * * * But we have never held that a court must hold an evidentiary hearing before ruling on every motion for disqualification.").

*Sherwood* at ¶ 17-18.

{¶11} Here, Mr. Ceccoli moved to disqualify Ms. Budd's counsel on the basis that Ms. Budd's counsel also was representing one of the parties' children in a juvenile court proceeding. Mr. Ceccoli provided little in the way of factual details to support his motion. He maintained that the dual representation violated Prof.Cond.R. 1.7(a)(2). That provision states that "[a] lawyer's acceptance or continuation of representation of a client creates a conflict of interest if * * * there is a *substantial* risk that the lawyer's ability to consider, recommend, or carry out an appropriate course of action for that client will be materially limited by the lawyer's responsibilities to another client, a former client, or a third person or by the lawyer's own personal interests." (Emphasis sic.) Prof.Cond.R. 1.7(a)(2). Ms. Budd opposed the motion. No hearing was held on the motion.

{¶12} The trial court ultimately granted the motion to disqualify Ms. Budd's counsel. In so doing, it noted that there was a high degree of conflict between the parties as well as between Mr. Ceccoli and the children. The trial court observed that Mr. Ceccoli alleged in his multi-branch motion that Ms. Budd and the children refused to participate in reunification counseling. According to the trial court, "[t]his could create an appearance of a conflict – e.g., there potentially could be a situation where [Ms. Budd's counsel's clients] blame each other for not participating in the reunification counseling – that could warrant the removal of [Ms. Budd's] counsel."

{¶13} We conclude that the trial court abused its discretion in granting the motion to disqualify Ms. Budd's counsel. The trial court essentially concluded that there could potentially be a conflict which could warrant the removal of the attorney. Such is not equivalent to a conclusion that "real harm is likely to result from failing to [disqualify the attorney]." *Sherwood*, 2019-Ohio-4213, at ¶ 17, quoting *Jay-Seicean*, 2018-Ohio-891, at ¶ 12. Moreover, the trial court did not conclude, nor does its reasoning demonstrate, that there was a "*substantial* risk" that Ms. Budd's attorney's "ability to consider, recommend, or carry out an appropriate course of action" for Ms. Budd would be materially limited by Ms. Budd's counsel's responsibilities to the parties' child. (Emphasis sic.) Prof.Cond.R. 1.7(a)(2). Accordingly, we cannot say that the record evidences that the trial court engaged in the appropriate analysis. *See Krueger v. Willowood Care Ctr. Of Brunswick, Inc.*, 9th Dist. Medina No. 18CA0065-M, 2019-Ohio-3976, ¶ 15-16; *see also Jay-Seicean* at ¶ 15-16. Given the trial court's stated basis for disqualifying counsel and lack of appropriate findings, we conclude the trial court abused its discretion in disqualifying Ms. Budd's counsel.

{¶14} Ms. Budd's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED BY DENYING APPELLANT'S DUE PROCESS RIGHTS IN GRANTING APPELLEE'S MOTION FOR INTENSIVE PARENTING CONFERENCES, THUS[] ORDERING APPELLANT TO PARTICIPATE IN INTENSIVE CASE MANAGEMENT, WITHOUT CONDUCTING AN EVIDENTIARY HEARING TO GATHER ENOUGH INFORMATION TO JUSTIFY ITS DECISION. THIS VIOLATES APPELLANT'S DUE PROCESS RIGHTS AND ABUSES THE TRIAL COURT'S DISCRETION.

{¶15} Ms. Budd argues in her second assignment of error that the trial court violated her due process rights by granting Mr. Ceccoli's motion for Intensive Case Management without conducting an evidentiary hearing.

{¶16} After a review of the record, this Court questioned whether the portion of the trial court's judgment which ordered the parties to participate in Intensive Case Management was final and appealable. The Court ordered Ms. Budd to respond to whether that portion of the order was final and appealable. Ms. Budd complied and argued that it was a final, appealable order.

{¶17} "Ohio's courts of appeals have jurisdiction "to review and affirm, modify, or reverse judgments or final orders." Article IV, Section 3(B)(2), Ohio Constitution." *Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, ¶ 10. "R.C. 2505.02(B) sets forth several types of final, appealable orders." *Id.* One such order is one "that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]" R.C. 2505.02(B)(2). "'Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). "'Special proceeding' means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(A)(2).

{¶18} Thus, in order to demonstrate that the trial court's order requiring the parties to participate in Intensive Case Management is a final, appealable order, Ms. Budd must show: "(1)

that the order was made in a special proceeding, (2) that the order affects a substantial right, and (3) that she would not be able to effectively protect her substantial right without immediate review." *Thomasson* at ¶ 11.

{¶19} "A divorce and related custody proceedings qualify as a 'special proceeding' pursuant to R.C. 2505.02(B)(2)." *Kraemer v. Kraemer*, 12th Dist. Butler No. CA2017-08-120, 2018-Ohio-3847, ¶ 12, citing *State ex rel. Papp v. James*, 69 Ohio St.3d 373, 379 (1994); *see also Schmitt v. Ward*, 9th Dist. Summit No. 28910, 2018-Ohio-4401, ¶ 4.

{¶20} Ms. Budd argues that the trial court's ruling impacts her right to liberty. Specifically, she asserts that "[t]he right affected is [her] right to not be (1) forced to subordinate her schedule to [Mr. Ceccoli's] wishes or a third party neutral's duties; (2) forced to physically appear where she wishes not to be; and (3) forced to engage in direct conversation with [Mr. Ceccoli] under a neutral party's terms." It essentially appears that the heart of Ms. Budd's contention is that she simply does not wish to participate in Intensive Case Management. We are not convinced that mere inconvenience to a party in the midst of litigation affects the party's substantial rights as contemplated by the statute.

{¶21} Even if we were to agree that Ms. Budd's substantial rights were implicated by the order, we cannot say Ms. Budd has demonstrated that she would be unable to protect her substantial rights without immediate review. Several portions of Mr. Ceccoli's motion remain pending, as does Ms. Budd's motion. Should the Intensive Case Management sessions prove to be unworkable, overly burdensome, or completely unproductive, we fail to see why Ms. Budd could not then seek relief in the trial court from continued participation in them. *See Wilhelm-Kissinger v. Kissinger*, 129 Ohio St.3d 90, 2011-Ohio-2317, ¶ 9-10.

{¶22}  Given the foregoing, we determine that this Court lacks jurisdiction to review the merits of Ms. Budd's second assignment of error.

### III.

{¶23}  Ms. Budd's first assignment of error is sustained.  This Court lacks jurisdiction to review her second assignment of error.  The appeal is dismissed in part and the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is reversed in part.  The matter is remanded for proceedings consistent with this decision.

> Appeal dismissed in part,
> judgment reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
<u>CONCUR.</u>

<u>APPEARANCES:</u>

MATTHEW B. AMEER, Attorney at Law, for Appellant.

DAVID L. MCARTOR, Attorney at Law, for Appellee.